C. E. HUGHES, RESPONDENT, v. MARYLAND CASUALTY CO., APPELLANT.
—76 S. W. (2d) 1101.

Kansas City Court of Appeals. November 13, 1934.

*George E. Woodruff* for respondent.

*Harris & Koontz* and *H. J. Bain* for appellant.

BLAND, J.—This is a petition for damages for personal injuries. Plaintiff recovered a verdict and judgment in the sum of $1050. Defendant has appealed.

The facts show that plaintiff was injured on March 21, 1930, by the accidental splashing of mortar into his left eye. The accident occurred while he was working on a hotel building being erected by his employer, the Hoffman Construction Company, in Trenton. On or about June 4, 1930, plaintiff filed a claim with the Workmen's Compensation Commission against his employer and the defendant, who is his employer's insurance carrier. The claim, dated May 31, 1930, was founded on the injury to plaintiff's eye. It was set for hearing on July 21 and the commission awarded plaintiff disability of $12 per week from May 28, 1930, on account of an aggravation of a pre-existing trachoma. The physicians who were treating plaintiff reported that need for medical aid was no longer necessary after January 28, 1931. Defendant paid the compensation allowed but plaintiff refused a draft marked "final payment" which covered the period from February 11, 1931, to February 17, 1931, claiming that plaintiff had not recovered from his injuries. At the request of the plaintiff the matter was set down for hearing before the commission and on May 16, 1931, a final award was made in which plaintiff was allowed weekly compensation in the sum of $18 per week for thirty-eight and three-sevenths weeks beginning May 28, 1930, and terminating as of January 31, 1931. The commission found that the disability caused by the accident did not extend beyond January 31, 1931, and that any disability suffered by the employee after January 31, 1931, resulted from causes independent of his employment.

Thereafter, defendant paid plaintiff the balance of the award made by the commission and plaintiff signed the final report and receipt for compensation. The receipt recited that it was in full release and discharge of the defendant, as well as the employer, of all liability under the Workmen's Compensation Act, by reason of the accident.

After plaintiff received the injury his employer and the insurer furnished medical and surgical treatment, as provided by Section 3311, Revised Statutes 1929, and it is for the malpractice of the physicians and surgeons, resulting in a claim of aggravation of the original injury received, that plaintiff complains of in this suit.

The petition alleges that the accident produced or rendered active a condition known as trachoma to plaintiff's eyes, which theretofore caused him no damage; that defendant undertook the treatment of plaintiff's eyes and employed certain physicians for that purpose;

that defendant, by its servants and agents, negligently failed to give plaintiff as frequent treatments as his condition demanded; that they failed to give him the proper directions as to the care of his eyes; that they permitted him to work in rooms filled with dust and fumes and to work in the sun and wind and under conditions that prevented and hindered the cure of plaintiff's condition; that they negligently operated on plaintiff's eyes, negligently discharged plaintiff as cured when he was not cured, assuring him that the medicine they had given him would effect a complete cure.

The answer sets up the proceedings before the compensation commission and pleads the temporary and final award of the commission; that the amount awarded was fully paid by the defendant; that the commission had exclusive jurisdiction to pass upon the claim set out in plaintiff's petition and that plaintiff submitted his claim to the commission and accepted its award. It sets up the release signed by plaintiff. It then pleads due care in the selection of the physicians who treated plaintiff and that they were independent contractors.

It is insisted by the defendant that the court erred in refusing, at the close of all of the testimony, to give its instruction in the nature of a demurrer to the evidence. In this connection it contends that the proximate cause of the damage, if any, done to plaintiff by the physicians who treated him was the original injury, and that such damage formed a part of the compensation received by plaintiff; that, in any event, none but the compensation commission had jurisdiction over the character of claims sued upon by the plaintiff in this case.

It is a well established principle of the common law that if one is injured by the negligence of another and these injuries are aggravated by the negligence of a physician employed by the person doing the injury or by the injured person, in the exercise of ordinary care, the negligence of the wrongdoer, in causing the original injury, is regarded as the proximate cause of the damage flowing from the negligent treatment of the physician. [Smith v. K. C. Rys. Co., 208 Mo. App. 139; Schell v. Grayson, 147 Mo. App. 652; Elliott v. Kansas City, 174 Mo. 554; Paine v. Wyatt (Iowa), 251 N. W. 78; White v. Matthews, 223 N. Y. Supp. 415; Gunnison v. Indus. Comm., 73 Utah, 535, 540, 541; Polucha v. Landes (N. D. ), 233 N. W. 264; McDonough v. Natl. Hos. Assn., 134 Ore. 451, 460; Mier v. Yoho (W. Va.), 171 S. E. 553.]

While the theory of the compensation is not recovery based upon negligence or wrongful act of the employer but wholly upon the fact of the employment, yet, the overwhelming weight of authority in this country is to the effect that in compensation cases the malpractice of the physician selected by the employer to treat the injuries of the employee is directly traceable to and the proximate result of the primary injury for which the injured workman is being

treated and if his injuries are aggravated by the negligence of the physician compensation for such aggravation must be procured in the proceedings provided for in the act. [Hinkelman v. Wheeling Steel Corp. (W. Va.), 171 S. E. 538; Paine v. Wyatt, supra; Markley v. White (Okla.), 32 Pac. (2d) 716; Booth v. Cook, 79 Okla. 280; Brown v. Sinclair, 86 Okla. 143; Nall v. Ala. Utilities Co. (Ala.), 138 So. 411; Tenn. Coal Co. v. Shelby (Ala.), 106 So. 499; Wingate v. Evans Model Laundry, 123 Neb. 844, 848; Nevell v. McCaughan, 162 Tenn. 532; Hennig v. Crested Butte Anthracite Min. Co. (Colo.), 21 Pac. (2d) 1115; Gauvins Case (Maine), 167 Atl. 860; Atemian's Case (Mass.), 163 N. E. 194; Vatalaro v. Thomas (Mass.), 160 N. E. 269; White v. Matthews, supra; Roman v. Smith, 42 Fed. (2d) 931; Sarber v. Aetna Life Ins. Co., 23 Fed. (2d) 434; Spelman v. Pirie, 233 Ill. App. 6; Lincoln Park Coal Co. v. Indus. Comm., 317 Ill. 302; Pawlak v. Hayes, 162 Wis. 503; Oleszek v. Ford Motor Co., 217 Mich. 318; Polucha v. Landes supra; McDonough v. Natl. Hos. Assn., supra; Ross v. Erickson, 89 Wash. 634; Kirby Lbr. Co. v. Ellison (Tex.), 270 S. W. 920.] In the case of Hoffman v. Houston Clinic et al. (Tex.), 41 S. W. (2d) 134, the holding is to the contrary.

Many of the cases just cited hold that suit cannot be maintained against the physician, even, but we are not concerned with a suit of that kind, the case now before us being against the insurance company, alone.

Our statute, Section 3301, Revised Statutes 1929, provides, in part, as follows:

"The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representative, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter."

It is therefore, apparent that if plaintiff did or could have recovered in the proceeding before the compensation commission for the damages done him for the alleged malpractice of the physicians, he cannot maintain this suit. We conclude that, under the authorities last cited jurisdiction of this proceeding is in the compensation commission.

The statutes of the various states, from whose courts we have cited cases, vary somewhat in their provisions, but the foundation of all of these decisions is the common law rule stated above carried into the compensation proceedings.

Plaintiff attempts to distinguish the cases cited on the ground that the laws of those various states are different from that of Missouri. It is claimed that the laws of some of these states provide for an election after the injury by the employee and that an election to sue under the Compensation Act operates as an assignment of the em-

ployee's cause of action against a third person to the employer, whereas, Section 3300 of the Missouri statute, requires the election before the accident and by virtue of Section 3309 it does not operate as an assignment but leaves his common law rights open to the employee, except as to compensation already paid. However, this difference in the statutes goes only to the question of the right to sue a negligent third person. The provisions of the statutes of the foreign states alluded to are not even mentioned in some of the opinions we have cited from those states and where they are mentioned emphasis is placed upon the fact that the employer is liable for the acts of malpractice of the physician selected by him or the employee, in the exercise of due care, at common law and for a like reason to that assigned under the common law he is liable under the Workmen's Compensation Act.

Even giving every effect possible to the peculiar provisions of these foreign statutes, yet, they remain authority against the plaintiff's contention. Where, under them, the filing of a claim before the compensation commission constitutes an assignment of plaintiff's cause of action against a negligent third person, it operates as an assignment of the right of action for *only those injuries covered by the act*. [Pawlak v. Hayes, supra, 1. c. 505; Oleszek v. Ford Motor Co., supra, 1. c. 321.] If plaintiff's construction of the holding in these cases is correct they, in effect, decide that, under those statutes, there is an assignment to the employer of the cause of action for the malpractice of the physician for such injuries as are compensable under the Workmen's Compensation Act, but in order for plaintiff to recover in this case he must show that the damage he sustained by the alleged malpractice is not compensable. The insurer is not a negligent third person, within the meaning of Section 3309. Section 3325 provides that the liability of the employer shall be secondary and that of the insurer primary and the latter shall be directly liable to the insured employee, etc. A negligent third person, within the meaning of the act, is one upon whom no liability could be entailed under the act. [Sylcox v. Natl. Lead Co., 38 S. W. (2d) 497, 501.] Under the provisions of Section 3325 the insurer is substituted for the employer and "the carrier is subrogated to all the rights and duties of the employer." [Sarber v. Aetna Life Ins. Co., supra, 1. c. 435.] It was said in Globe Indem. Co. v. Wheat, 60 S. W. (2d) 689, 691: "The act does not attempt to create any new or different liability on the insurer than the liability of the master." As far as the right of the plaintiff to sue in this action is concerned it is no greater than if he were suing his employer. The case of McKenzie v. Mo. Stables, Inc., 34 S. W. (2d) 136, cited by the plaintiff, goes no further than to hold that the employee, as well as the employer, may sue a negligent third person, although Section 3309

provides that the employer shall be subrogated to the rights of the employee against such negligent third person.

Many of the decisions that we have cited are in states not having the character of statutes mentioned by the plaintiff, as plaintiff admits, but states that those statutes: ''Relative to the definitions of injury and accident do not limit it to such as naturally results from the injury nor to injury received where their duties are being performed or where their services require their presence 'as a part of such service,' as provided in paragraphs (b) and (c) of Section 3305, Revised Statutes of Missouri, 1929.'' It is also pointed out that our statute provides that the accident shall happen suddenly and violently and produce objective symptoms of an injury, and the injury must be the result of an accident arising out of and in the course of the servant's employment (see secs. 3301, 3305, R. S. 1929).

We have not examined into the statutes of the various states to see whether they differ from our own in the respects claimed by the plaintiff, for the reason that we do not think that our statute, in any way, indicates that the common rule law should not be applied.

There is no question but that where there has been malpractice by the physician furnished by the employer or insurer it can be said, logically, that such malpractice is the natural result of the injury received by the employee. The cases cited, supra, hold that the malpractice of a physician is not an intervening act of a third person so as to break the chain of causation between the primary injury and the ultimate result, that is, the aggravation of the injury caused by the physician. If the results of the malpractice of the physician are proximately caused by the injury, those results can be said to be the *natural* results of the injury. [Clemens v. R. R. Co., 53 Mo. 366, 370; Kennedy v. Constr. Co., 316 Mo. 782, 797.] This is made manifest in this class of cases because the statute specifically makes the results the basis for compensation, rather than the original injury.

Plaintiff confuses the injury with the results of the injury, or the damages caused by the injury. It is true, that the injury, itself, must be received where the duties of the servant are being performed or where his services require his presence. It must arise out of his employment. This does not mitigate against the idea of aggravation of the employee's injuries caused by the malpractice of a physician. The aggravation follows as the natural result of the injury and the damages to be paid therefor are included in the compensation awarded by the commission.

Plaintiff lays great stress upon Section 3301, Revised Statutes 1929, which provides, among other things: ''The rights and remedies herein granted to an employe, shall exclude all other rights and remedies of such employee . . . at common law or otherwise,

on account of such accidental injury or death, *except such rights and remedies as are not provided for by this chapter.*" In this connection plaintiff says that: "The compensation act does not provide a compensation for any damage except loss of time and this only to the extent of two-thirds of the total plus a limited amount for medical treatment. The act by its express terms is effective only as provided for in the act. The act by its own provisions does not effect the right as to third persons," and that it allows no compensation for pain and mental anguish.

We have already ruled that an insurance carrier is not a third person, within the meaning of the act. If plaintiff is contending that the compensation act does not provide a full and complete remedy for the injury sustained and that Section 3301 preserves the right to the employee to sue at common law for pain and suffering, then, we must rule the contention against him. Perhaps all sociologists agree that the compensation act affords a remedy to the employee far greater than that given him by the common law. The legal profession differs in its views upon this subject. However, the subject does not afford a fruitful field for investigation on our part as the Legislature has spoken by the enactment, itself.

It is claimed that: "A liberal construction of the statute in the interest of the employee does not mean only that it shall be construed to *include* the employee under its terms when such is for his benefit but means also that it shall be construed to exclude the employee from its terms when such exclusion shall be for his benefit," especially as to his cause of action against a negligent third person. It is true that Section 3374 provides that the Workmen's Compensation Act shall be liberally construed with a view to the public welfare. This section has often been urged upon us in an effort to get us to uphold an award of the commission, but never before for the purpose of limiting the jurisdiction of the commission. To say that the law is to be construed favorably to the employee, undoubtedly means that where the question of jurisdiction is in doubt it should be held to be in the commission. The Legislature has settled the matter as which jurisdiction is the most beneficial to the employee.

Should we give the construction to the act that plaintiff desires it would afford a precedent that would be very embarrassing to employees, generally, in the future. In construing the act so as to provide for compensation for an aggravation of the injury caused by the malpractice of the physician, it is stated in Polucha v. Landes, supra, l. c. 268, 269:

"Any other construction of the act, instead of providing the employee that sure and certain relief which the law has designed for his protection, would render him subject to the uncertainties of litigation for so much of his injuries as might be traceable to the negligence of his physician or surgeon and to the further contingency of

the latter's financial responsibility. It would prevent the administrators of the workmen's compensation fund from using it to compensate fully those whose injuries are traceable to their employment, and to make the employee carry to a larger extent than formerly the risk incident to professional care which is made necessary by personal injuries sustained in the course of employment."

In the case of Lincoln Park Coal Co. v. Indus. Comm., supra, the court said that it would liberally construe the act in order to allow compensation for an X-ray burn suffered during an examination of the employee by a physician.

Should the contention of the plaintiff be sustained it would require the employee to institute at least two proceedings to obtain full recompense for his injury and consequent damage, and suffer the chances of the commission and jury being able to separate that part of his injuries due to the accident from that part due to the malpractice of the physician. It would hardly be to the interest of the employee, and certainly not in the interest of justice, to permit the employer or his insurer, to say, in a compensation proceeding, that part of the injuries of the employee (be that part great or little) was due to the negligence of the physician which had been furnished by them and, therefore, no compensation could be allowed him for such aggravation. Death of an employee caused by the malpractice of the physician furnished by the defendant would be a complete defense to a claim brought before the commission, regardless of the character of the original accident.

Plaintiff calls our attention to the fact that the commission in its final award states its finding to be that any disability suffered by the employee since January 31, 1931, was from causes independent of his employment. In this connection plaintiff states that the "release pleaded extends only to the liability under the act." Plaintiff contends that the compensation commission found that the aggravation to his injury caused by the alleged malpractice of his physicians was independent of his employment and defendant, not having appealed, the law to the effect that the "negligent injury (done by the physician) is a part of the original injury" and compensable in a proceeding before the commission, was waived. Just what the commission meant by this finding is not clearly apparent. However, the commission had no jurisdiction to make any finding relative to disability suffered by the employee except that connected with his employment. [Curtin v. Zerbst Phra. Co., 72 S. W. (2d) 152.] If it was the intention of the commission to do otherwise, the finding relied upon by the plaintiff could be treated as though never made. However, it is not to be presumed that the commission intended to exceed its jurisdiction and we take it that it was only meant by the commission to answer some claim made by the plaintiff that he was still under disability at the time of his discharge by the doctors. The com-

mission wished to indicate that any disability he then had was not due to his employment. The commission, in its award, found that he was suffering from a disability at the time of the accident, that is, that he was suffering from trachoma. It may have been the intention of the commission to indicate to plaintiff that any disability that he was suffering from at the time of his discharge was due to his prior condition of trachoma and that the aggravation of that disease caused by the mortar getting into his eye had been corrected and that he had been restored to the condition that he was in prior to the time of the accident. However, in no event, could we attribute to the finding of the commission, the effect that plaintiff desires.

Plaintiff attacks the abstract brought here by the defendant. The record shows that the answer was permitted to be amended by striking out a portion thereof, but there is nothing shown as to what was stricken out or the effect thereof. Plaintiff, during the trial asked leave to amend his petition by interlineation, but it is not shown by the record whether leave was granted plaintiff, or, if granted, what amendment was actually made. The pleadings printed in the abstract and brought here by defendant are headed "First Amended Petition" and "Amended Answer." No point is made in reference to the amendments to the pleadings. What was said or done at the time the amendments were made, if they were made, is not pointed out by the plaintiff as having any possible bearing upon the real point in issue, except to say that those things left out in the amended answer may have been sufficient to show that the verdict was for the right party. Presumably, the pleadings printed in the abstract by the defendant contain the amendments, if any, made during the trial of the case and the pleadings before the amendments, if any, are to be regarded as abandoned pleadings and could only be brought to the attention of the court, for the purpose of an admission, by their introduction in evidence by the plaintiff. [Boyd v. Brewing Association, 318 Mo. 1206; Samples v. K. C. Rys. Co., 232 S. W. 1049.]

Plaintiff's motion to dismiss the appeal is, therefore, overruled, and the judgment is reversed. All concur.