In the Matter of the Claim of ABRAHAM PARCHEFSKI against KROLL BROS., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

(Argued April 17, 1935; decided May 21, 1935.)

*William S. Sinclair* and *James J. Mahoney* for appellants.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent.

LEHMAN, J.  In August, 1929, the claimant, while in the employ of Kroll Bros., Inc., sustained an injury which, it is undisputed, arose out of and in the course of his employment.  That injury consisted of a cut on the wrist.  For that injury the claimant was undoubtedly entitled to an award of compensation against his employer and against the carrier, Maryland Casualty Company.  Claim for such injury was filed in October, 1929.  At

that time the claimant had returned to work and had received full wages during the weeks he did not work. A hearing was held in December, 1929; and, because, until then, he had lost no wages, the hearing was adjourned for three months. It was not then clear whether the injury was permanent. At the adjourned hearing it appeared that an operation had been performed on the injured wrist. The claimant's attorney stated that he did not " want " an award made then, as he was about to begin an action against the carrier, Maryland Casualty Company, for the malpractice of physicians employed by it in the treatment of the original injury. The attorney for the employer and the carrier, Maryland Casualty Company, also objected to an award at that time, stating that the " claimant was recently operated." The hearing was then adjourned with a direction that it was not to be placed upon the calendar until claimant's attorney gave notice that he was ready to proceed. After several further adjournments, requested on the ground that an action for malpractice was still pending, the claim was taken up for hearing on July 10th, 1933, almost four years after the original injury.

Examination of the wrist then showed that the claimant had sustained a permanent loss of one-third of the use of his hand. Concededly that condition was due primarily to the accident sustained in August, 1929, though perhaps the injury may have been aggravated by malpractice in the treatment of the original injury. " The rule is now well established that a wrongdoer is liable for the ultimate result, though the mistake or even negligence of the physician who treated the injury may have increased the damage which would otherwise have followed from the original wrong." (*Milks* v. *McIver*, 264 N. Y. 267, 270.) We have consistently applied the same rule to awards of compensation. Where the chain of causation between accidental injury and ultimate disability remains unbroken, an injured employee is entitled

to the statutory compensation for the ultimate disability resulting from the accidental injury.

Here the claimant has received an award for the ultimate result of the original injury amounting to $1,626.27. He is entitled to that award, at least, if he has not already received compensation for the same injury from the employer, carrier or third person. He has already received from the carrier the sum of $3,500 in settlement of his action for malpractice. In that action the complaint alleged that plaintiff, after the accidental injury of August, 1929, was directed by the defendant Maryland Casualty Company, which had insured the plaintiff's employer against accidents, to appear at a clinic maintained by the carrier, for the purpose of receiving medical treatment for the accidental injuries incurred in the course of his employment; and that through the negligence of the employees of the insurance company in administering such treatment, he was greatly injured. The bill of particulars in that action states: " The treatment was given to his right hand and wrist, and as a result of which treatments the plaintiff has lost the use of his right hand." Thus it appears that the claimant has sought from the insurance carrier, in an action for malpractice, damages caused by the negligence of physicians employed by the carrier which aggravated the result of the original injury, and he has received satisfaction for that cause of action. He has also been awarded compensation from the employer for the original injury including those results which may be traced to the malpractice.

A person who negligently injures another is not a joint tort feasor with a physician whose negligence thereafter aggravates the original injury. Nevertheless, the malpractice coalesces with the original injury at that point and the two independent wrongs become concurrent causes of the ultimate result. Then the position of the independent tort feasors becomes in many respects

analogous to the position of joint tort feasors. Action may still be brought, and recovery had, against the original wrongdoer for all the damages caused by his wrong or recovery may be sought and obtained from the physician for the damages which follow upon his wrong. A pending action, brought against the physicians is not an election of remedy which bars a subsequent recovery against the original wrongdoer for damages resultant from the original wrong. (*Radman* v. *Haberstro*, 49 Hun, 605; 1 N. Y. Supp. 561; affd., 119 N. Y. 659.) None the less, " the law does not permit a double satisfaction for a single injury," and for that reason we have held that " satisfaction by the original wrongdoer of all damages caused by his wrong bars action against the negligent physician who aggravated the damage." (*Milks* v. *McIver, supra*, p. 270.) For the same reason it is evident that satisfaction by the physician of the damages caused by the aggravation of the original wrong must bar recovery for the same damages as part of the original wrong. Then recovery can be had against the original wrongdoer only for those damages for which satisfaction has not been made by the physician. Otherwise, again there would be a double satisfaction for a single injury. Indeed, it has been held that the original wrongdoer, when mulcted for all the damages caused by his wrong, may become subrogated to a right of action of the injured party against a negligent physician for aggravation of the original injury and damages. (*Fisher* v. *Milwaukee E. Ry. & L. Co.*, 173 Wis. 57, cited with approval in *Chicago & N. W. Ry. Co.* v. *Nye Schneider Fowler Co.*, 260 U. S. 35.) Thus, if after settlement of the action for malpractice in aggravating the original injury, the injured party pursued a common law remedy against a wrongdoer who caused the injury, recovery could be had only for those damages which did not follow upon and flow from the physician's negligence.

The Appellate Division has held that these common law rules do not apply to the statutory proceedings under

the Workmen's Compensation Law (Cons. Laws, ch. 67). It is true that we must look to the statute for definition of the rights of parties; but in seeking that definition we must give effect to the spirit and the letter of the statute read in the light of past history and precedent. The statute gives to an injured employee a right of election whether to take compensation under the statute or to pursue his common law remedy against a third party whose negligence has caused the injury. "If such injured employee * * * elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other * * * to the person, association, corporation, or insurance carrier liable for the payment of such compensation, and if he elect to proceed against such other, the * * * person, association, corporation, or insurance carrier * * * shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." (Workmen's Comp. Law, § 29; cf. amendment made by Laws of 1935, ch. 328.) The purpose of the statute is clear. The employer or carrier must provide the statutory compensation for accidental injury arising out of and in the course of his employment regardless of whether or not the injury was due to the employer's wrong or negligence. Against the employer the statutory remedy is exclusive. The common law remedy against a person not in the same employ whose wrong or negligence caused the injury remains intact. The statute was not intended to inure to the benefit of such person. The injured employee may, if he choses, avail himself of his common law remedy against the third party. If he does, the employer or carrier is liable only for the deficiency between statutory compensation and recovery collected from the third party. If he does not, the employer or carrier upon payment of the

award may enforce the common law remedy for its own benefit. In either case the benefit of a recovery against the third party inures to the advantage of the employer or carrier.

It is said, however, that these provisions of the statute do not apply here because the injury for which compensation has been awarded is the cut on the employee's wrist and the negligence of the attending physician did not cause that injury but only aggravated it. The suggestion has some force. When the injury occurred, the employee had, in truth, no right of election whether he would take compensation or sue the insurance carrier for the negligence of its physician, for at that time the physician's negligence had not in any way contributed to the injury. That, of course, occurred thereafter. Moreover, recovery for the physician's negligence in aggravating the original injury would not compensate the claimant for the damages caused solely by the original injury. To that extent, at least, the claimant is entitled to pursue his statutory remedy against the employer, for as to that there has never been any right to proceed against a third party, and there has been no recovery against a third party which could include such damages.

The difficulty in this case arises from the fact that compensation under our statute is awarded for the ultimate results of an injury which follow upon the intervening malpractice. Under the English Workmen's Compensation Act no compensation is awarded for such results. There the improper medical treatment is regarded as an intervening independent act which breaks the chain of causation. (*Humber Towing Co.* v. *Barclay*, 5 Butterworth's W. C. C. 142; *Rocca* v. *Stanley Jones & Co.*, 7 Butterworth's W. C. C. 101; *Lakey* v. *Blair & Co.*, 10 Butterworth's W. C. C. 58; *Bower* v. *Meggitt*, 10 Butterworth's W. C. C. 146.) The same rule has been followed in some jurisdictions in this country. (Cf. *Ruth* v. *Witherspoon-Englar Co.*, 98 Kan. 179; *Smith* v. *Golden*

*State Hospital,* 111 Cal. App. 667; *Viita* v. *Fleming,* 132 Minn. 128.) In such jurisdictions an award of compensation and a recovery in an action for malpractice cannot result in double compensation for the same injury.

We have preferred to apply to awards under the Workmen's Compensation Law the same rule applied to damages in common law actions. Compensation for the original injury includes the ultimate results of the injury, though the injury has been aggravated by intervening malpractice. Other jurisdictions have applied the same rule. (*Booth & Flinn, Ltd.,* v. *Cook,* 79 Okla. 280; *Ross* v. *Erickson Constr. Co.,* 89 Wash. 634; *Gunnison Sugar Co.* v. *Industrial Comm.,* 73 Utah, 535; *Vatalaro* v. *Thomas,* 262 Mass. 383; *Oleszek* v. *Ford Motor Co.,* 217 Mich. 318.) Where that rule is applied, payment of an award for an injury which includes the result following upon negligent treatment of the injury, and payment of a judgment for damages caused by negligence in aggravating that result gives rise to double compensation for the injury, which follows upon and results from the malpractice. Accordingly it has been held that where an employee accepts compensation, under a Workmen's Compensation Law for an industrial injury *including* the results. of malpractice in the treatment of such injury, he cannot maintain an action against the negligent physician. (*Vatalaro* v. *Thomas,* 262 Mass. 383.) In that event the right of action for malpractice passes under the statute to the party paying the compensation. (*Overbeek* v. *Nex,* 261 Mich. 156.) (Cf. *Revell* v. *McCaughan,* 162 Tenn. 532; *Williams* v. *Dale,* 139 Ore. 105.)

These decisions point the way for the solution of the problem here presented. The injured employee is entitled to receive compensation for the result of the original injury apart from the result of the negligent treatment of the original injury. Here there is no room for election between statutory remedy against the employer and common-law remedy for malpractice. Recovery in the malpractice

actions cannot include compensation for results of the original injury apart from the result of the malpractice. After malpractice has aggravated the original injury, the subsequent disablement is due to concurrent causes inextricably intertwined. More than that, these results would not have followed from the original injury but for the independent negligence of the physician. To the extent that the injury for which compensation may be made under the Workmen's Compensation Law *includes* the result of malpractice, the " injury " is due to the negligence of the physician within the spirit and letter of the statute. To that extent, then, the injured employee has a common law remedy against the physician and a statutory remedy against the employer. In accordance with the common law rule applicable to tort actions and the statutory rule embodied in section 29 of the Workmen's Compensation Law, the injured employee has then an election which remedy he will pursue. If he pursues his common law remedy against the negligent physician and collects more than the compensation provided by the statute, the employer or carrier is liable only for the injury, apart from the result of the malpractice. If he elects to take compensation under the statute, including damages for the injury caused by the physician's negligence, the employer becomes subrogated to the employee's right of action against the physician. So here the Industrial Board erred in rejecting proof that the employee had received a larger sum as settlement of the malpractice action than he would have received as compensation for the original injury, including the results of the malpractice. Upon that proof the claimant was entitled only to an award for the injury apart from the malpractice.

The injustice of any other rule is aptly illustrated by this case. The carrier has satisfied the claimant's cause of action for damages caused by the malpractice of its agents in treating the original injury and then has been directed to compensate the claimant for the injury which

includes the same damages. The statute cannot fairly be construed to admit such a result.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim remitted to the State Industrial Board to make an award in accordance with this opinion, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.