A. W. HANSON, Appellant, v. W. H. NORTON.—103 S. W. (2d) 1.

Division One, March 17, 1937.

*Bass & Bass* and *John Grossman* for appellant.

1014

*Woodward & Evans* for respondent.

BRADLEY, C.—This is a common-law action to recover damages for alleged malpractice of the defendant, who is a physician and surgeon, practicing in St. Louis, Missouri. The trial court sustained defendant's motion for a judgment on the pleadings, entered judgment accordingly and plaintiff appealed.

Plaintiff alleged that in an accident, March 12, 1930, his right arm, shoulder and wrist were injured and that he employed defendant to treat him; that defendant was negligent in the treatment and that as a result of the alleged negligent treatment plaintiff's arm, wrist and shoulder grew "permanently stiff and plaintiff has thereby lost the use of same and the same has been left in a deformed condition." Plaintiff asked judgment for $50,000. In view of the issue presented it is not necessary to say more of the petition.

In the answer defendant alleged that at the time of the accident mentioned in plaintiff's petition, plaintiff, was in the employ of the Carter Carbureter Company; that plaintiff and his employer were operating under the terms and provisions of the Missouri Workmen's Compensation Act; that plaintiff on March 12, 1930, sustained accidental injuries "arising out of and in the course of his employment and thereupon became and was entitled to compensation; that as a part of said compensation defendant was employed by plaintiff's employer and its insurer to render medical and surgical treatment to plaintiff for and on account of said accidental injuries;" that all the treatment rendered by defendant was at the request and direction of plaintiff's employer and the insurer; that he did not treat plaintiff as a private patient and that he was not negligent in the treatment; that thereafter plaintiff filed a claim for compensation and that the claim was heard before the Compensation Commission; that the commission made its final award "whereby plaintiff was allowed compensation based upon the full extent of his disability; that said award was made after defendant had com-

pleted whatever treatment he rendered to plaintiff.'' Defendant further alleged ''that the very injuries and disability for which plaintiff received compensation under said final award are the same injuries and disability for which plaintiff now seeks recovery in this case; that the compensation allowed plaintiff in the award of the Compensation Commission has been fully paid and that by reason of said payments plaintiff has received full and complete satisfaction for said alleged injuries and disability and is fully and forever barred from recovering in this action.''

In the reply plaintiff admits that at the time of the accident, March 12, 1930, he and his employer were operating under the Missouri Workmen's Compensation Law; admits that the accident arose out of and in the course of his employment and that he was entitled to and received compensation and ''admits that as a part of said compensation that defendant rendered medical and surgical treatment to plaintiff for and on account of said accidental injuries, and that all of the treatment received by plaintiff was at the request and direction of said employer and its insurer, and that plaintiff was not treated as a private patient; admits that thereafter a claim for compensation was filed by plaintiff on account of his disability and that the Compensation Commission rendered its final award whereby plaintiff was allowed compensation based upon the disability suffered therefrom, and that said award was made after the defendant had completed treatment rendered to plaintiff.''

Further replying, plaintiff states ''that he has not been compensated for the pain and suffering, and anguish of mind and nervous shock directly and proximately caused by defendant's negligent treatment as alleged and set forth in plaintiff's petition; that he has not been compensated for any permanent injury or deformity, mortification, disfigurement or future power to earn wages, all of which is set forth in plaintiff's petition.''

The question presented is stated in plaintiff's brief as follows: ''The sole question presented by this appeal is whether or not an injured workman may recover damages against a physician for malpractice, even though and after the workman has recovered compensation on account of injuries sustained by him in the course of his employment, and even though he has been compensated by compensation for the aggravation of his injuries caused by the negligent treatment of the physician.'' Defendant agrees that the sole question here is as stated.

Plaintiff relies upon the exception clause in Section 3301, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3301, p. 8232), of the Workmen's Compensation Act. This section, so far as pertinent here, reads: ''If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence to furnish compensation under the provisions of

this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be *released* from all other liability therefor whatsoever, whether to the employee or any other person. The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, *except* such rights and remedies as are not provided for by this chapter.'' (Italics ours.)

Plaintiff contends that the exception clause was intended to provide for such situation as here, and to support this contention cites Parchefsky v. Kroll Bros. (N. Y.), 196 N. E. 308; Hoehn v. Schenck, 223 N. Y. Supp. 418; White v. Matthews, 223 N. Y. Supp. 415; Greenstein v. Fornell (N. Y.), 143 Misc. 880; Viita v. Dolan et al. (Minn.), 155 N. W. 1077; Smith v. Golden State Hospital, 111 Cal. App. 667; Hoffman v. Houston Clinic (Tex. Civ. App.), 41 S. W. (2d) 134; Pedigo & Pedigo v. Croom (Tex. Civ. App.), 37 S. W. (2d) 1074. Also, plaintiff cites Parkell v. Fitzporter et al., 301 Mo. 217, 256 S. W. 239, and Staehlin v. Hochdoerfer (Mo.), 235 S. W. 1060.

The decisive point ruled in the Parkell case, a common-law action, was that a recovery and satisfaction thereof for the *original* injuries caused by the negligent operation of an automobile by a physician would not bar a second action against the same physician and another for malpractice in treating the original injury. The Staehlin case was a common-law action for damages for alleged malpractice. On the same day the malpractice suit was filed, plaintiff filed a common-law action against his employer to recover for the injuries alleged in the malpractice case to have been negligently treated. Later, plaintiff commenced a second action at common law against his employer. Then he had three suits pending, two against his employer and one against his physician. In this situation, plaintiff settled his first suit against his employer for $1300 and dismissed the same, executing a receipt or release, reciting that the employer was released and discharged ''from all claims of whatsoever kind and nature growing out of or in any wise connected with an injury sustained by him while in its employ.'' On the same day, ''and evidently as a part of the same transaction,'' plaintiff dismissed the second suit against his employer and received $50, and receipted therefor. Defendant in the malpractice suit pleaded as a bar the facts relative to the two suits against the employer. The reply in the malpractice suit put in issue the affirmative defenses pleaded. The malpractice suit proceeded to trial and at the beginning thereof and while plaintiff was on the stand, he admitted the execution of the two receipts. Defendant then offered in evi-

dence "the two papers and petitions in the suits to which they respectively referred," and moved for a directed verdict, which was granted and plaintiff appealed from the judgment entered. The judgment was reversed and the cause remanded. It was held (235 S. W. l. c. 1063) that the receipt or release in the first suit against the employer was only "an acknowledgment of satisfaction for the *original* injury," and that the second receipt, in effect, was "a covenant not to sue" the employer "for the loss of the leg," that is, for the loss due to the alleged malpractice. Neither the Parkell case nor the Staehlin case support plaintiff's theory in the present case, because, in neither of those cases, damages resulting from the alleged malpractice were not included in the dispositions made, while the contrary is true here. The other cases cited by plaintiff concern the application of the Compensation Law of the states of their origin to the facts involved.

 It will be noted that Section 3301 contains what has been termed a *release* clause, an *exclusion* clause and an *exception* clause. By the exclusion clause "the rights and remedies" given an employee under the Compensation Law excludes "all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise." In Sharp v. Producers' Produce Co., 226 Mo. App. 189, 47 S. W. (2d) 242, a husband sought to recover damages in a common-law action for loss of services, companionship, etc., of his wife, resulting from injuries she received while employed in the defendant's packing plant. The wife, as an employee, had received from her employer, compensation under the Compensation Law, and the answer pleaded the facts relative thereto. The trial court sustained defendant's motion for a judgment on the pleadings, and on appeal the trial court was sustained. The sole question was "whether or not the husband's common-law right to recover damages for loss of the services and consortium of his wife, resulting from defendant's negligence, is lost by reason of her having received compensation under the Workmen's Compensation Law of this State." Judge BAILEY, speaking for the Springfield Court of Appeals, held that the release clause and the exclusion clause of Section 3301, barred the plaintiff's common-law right of action for the loss of services, etc., of his wife. The Court of Appeals, of the exception clause, said: "Recognizing the rule that different portions of an act should be harmonized, if possible, we think the exception clause referred to other portions of the act which by their terms do not 'provide for' the 'employee, his wife, her husband, parents,' etc. Section 5 of the act (R. S. 1929, sec. 3303) provides that it shall not apply to employments by the State of farm labor, employment not on the premises of the employer, and certain employments by minor employers. Section 7 (Sec. 3305) makes the

act inapplicable to employees whose salaries exceed $3600 per year. There are also provisions excluding employees who have contracted occupational diseases (Sec. 7) or engaged in interstate commerce [Sec. 12 (Sec. 3310)]. While it may be said the exception clause was unnecessary, if intended to apply to the last-mentioned provisions of the statute, it can readily be understood that the Legislature would insert such a clause in order to harmonize all sections of the act. Whatever actuated the Legislature in making use of this exception clause, we are certain it was not intended thereby to preserve the common-law rights of the husband contrary to other express provisions of the act and in opposition to the evident intent of the Legislature as indicated by the title to the act.''

Holder v. Elms Hotel Company, 338 Mo. 857, 92 S. W. (2d) 620, was identical in principle to the Sharp case, and this court (Division Two) quoted *in extenso* and with approval from the Sharp case, and included in the portion quoted with approval, was the above-quoted excerpt from the Sharp case as to what the exception clause has reference.

Defendant in the present case contends that where an employee has been awarded full compensation under the Compensation Law for his injuries and disability, including aggravation caused by malpractice of a physician, he cannot maintain a separate common-law action against the negligent physician. In support of this contention the following authorities are cited: Roman v. Smith, 42 Fed. (2d) 931; Sarber v. Insurance Company, 23 Fed. (2d) 434; Wesley v. Allen, 235 Ill. App. 322; Paine v. Wyatt (Iowa), 251 N. W. 78; Vatalaro v. Thomas, 262 Mass. 383, 160 N. E. 269; McDonald v. Employers' Liability Corp. (Mass.), 192 N. E. 608; Parchefsky v. Kroll Bros., 267 N. Y. 410, 196 N. E. 308; Hoover v. Globe Indemnity Co. et al., 202 N. C. 655, 163 S. E. 758; Polucha v. Landes, 60 N. D. 159, 233 N. W. 264; Revell v. McCaughan, 162 Tenn. 532, 39 S. W. (2d) 269; Kirby Lumber Co. v. Ellison (Tex. Civ. App.), 270 S. W. 920; Ross v. Erickson Const. Co. et al., 89 Wash. 634, 155 Pac. 153; Nall v. Utilities Co., 224 Ala. 33, 138 So. 411; Markley v. White (Okla.), 32 Pac. (2d) 716; Hinkelman v. Steel Corp. et al. (W. Va.), 171 S. E. 538.

We do not deem it necessary to analyze these cases. In view of the ruling in the Sharp and Holder cases, supra, as to the meaning of the exception clause in Section 3301, Revised Statutes 1929, we think the question here may be determined from the authorities in our own jurisdiction.

In Hughes v. Maryland Casualty Co., 229 Mo. App. 472, 76 S. W. (2d) 1101, the plaintiff received an injury to his left eye while employed by the Hoffman Construction Company. The employer and its insurer, the defendant Casualty Company, furnished medical and surgical treatment as provided by Section 3311, Revised Stat-

utes 1929 (Sec. 3311, Mo. Stat. Ann., p. 8246). The plaintiff filed claim for and was awarded compensation by the Compensation Commission, which compensation was paid in full by the employer's insurer, the defendant. When the balance of the final award was paid by the insurer, the plaintiff signed the final report and a receipt for the compensation. It was recited in the receipt that it was in full release and discharge of the insurer as well as of the employer "of all liability" under the Compensation Act. Notwithstanding the proceedings for compensation under the Compensation Act, the plaintiff brought suit against the insurer, Maryland Casualty Company, alleging that the accident to his eye rendered active a trachoma condition of his eyes, which condition had theretofore caused him no damage; that the defendant, the insurer of his employer, undertook the treatment of his eyes and employed physicians for that purpose; that these physicians, alleged to be the agents of the defendant, failed to properly advise him and negligently operated on his eye and negligently discharged him when he was not cured. The answer pleaded the proceedings before the Compensation Commission, the temporary and final awards of the commission, the payment of the awards; that the commission had exclusive jurisdiction to pass on the claim "set out in plaintiff's petition;" that plaintiff submitted his claim to the commission and accepted its award. Also the answer pleaded the release signed by plaintiff.

Plaintiff Hughes recovered a judgment in the trial court and on appeal it was contended by the defendant that its request for a directed verdict at the close of the case should have been given. The Kansas City Court of Appeals held that plaintiff could not maintain the suit, and in the course of the opinion, said: "While the theory of the compensation is not recovery based upon negligence or wrongful act of the employer, but wholly upon the fact of the employment, yet, the overwhelming weight of authority in this country is to the effect that in compensation cases the malpractice of the physician selected by the employer to treat the injuries of the employee is directly traceable to and the proximate result of the primary injury for which the injured workman is being treated and if his injuries are aggravated by the negligence of the physician, compensation for such aggravation must be procured in the proceedings provided for in the act." A great number of cases from other jurisdictions are cited in support of the above statement of the Court of Appeals.

The court, in Hughes v. Maryland Cas. Co., set out (76 S. W. (2d) l. c. 1103) the exclusion and exception clauses of Section 3301, Revised Statutes 1929, and ruled that it was apparent (from the statute) "that if plaintiff did or could have recovered in the proceeding before the Compensation Commission for the damages done him for the alleged malpractice of the physicians, he cannot maintain

this suit." And it is further stated in the Hughes case that "if plaintiff is contending that the Compensation Act does not provide a full and complete remedy for the injury sustained and that Section 3301 preserves the right to the employee to sue at common law for pain and suffering, then we must rule the contention against him. Perhaps all sociologists agree that the Compensation Act affords a remedy to the employee far greater than that given him by the common law. The legal profession differs in its views upon this subject. However, the subject does not afford a fruitful field for investigation on our part, as the Legislature has spoken by the enactment itself."

The present case is different from the Hughes case in that, in the present case the suit is against the alleged negligent physician, while in the Hughes case, the suit was against the employer's insurer to recover damages because of the alleged negligence of the physicians employed by the insurer. The defendant insurer in the Hughes case was primarily liable under the Compensation Act (Sec. 3325, R. S. 1929, Sec. 3325, Mo. Stat. Ann., p. 8262) to Hughes, and therefore, was not and could not be a *third person* under Section 3309, Revised Statutes 1929 (Sec. 3309, Mo. Stat. Ann., p. 8244), and this because a third person under the Compensation Act "is one upon whom no liability could be entailed under the act." [Hughes v. Maryland Cas. Co., supra; Sylcox v. National Lead Co., 225 Mo. App. 543, 38 S. W. (2d) 497, l. c. 501.]

So far as we have been able to ascertain in all the cases in this State, actions against *third* persons, permitted under the Compensation Act (Sec. 3309), have been against the *person* who *committed*, or who was responsible for the commission of the *original* act, resulting in the injury for which compensation has been awarded, and we are of the opinion that in order for a wrongdoer to be a *third* person against whom an action may be maintained by the injured party, after such injured party has received full compensation under the Compensation Act, such person must be the one who committed, or is responsible for the commission of the act that resulted in the original injury. [Paine v. Wyatt (Iowa), 251 N. W. 78.] Under such construction, defendant in the present case, is not a *third person* under Section 3309, not only because he was not primarily liable under the act, but because he did not commit the original act which resulted in the *original* injury. This is not in conflict with anything that is said in Parkell v. Fitzporter and Staehlin v. Hochdoerfer, supra, because the Compensation Act was not involved in either of those cases. Defendant's act in the present case was the alleged malpractice which aggravated the original injury, and it is conceded by plaintiff that he received in the compensation proceedings not only compensation for the original injury, but "for the aggravation of his injuries caused by the negligence of the physician," defendant here.

The universal rule at common law is that when an injured party has received full satisfaction for his injury, from one wrong-doer, whether the injury was caused by one or more, each of whom may be severally liable, he is barred from further recovery from the other tort-feasors. [Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389, 41 S. W. (2d) 543; Gerber v. Kansas City, 311 Mo. 49, 277 S. W. 562, l. c. 564; Myers v. Kennedy, 306 Mo. 268, 267 S. W. 810, l. c. 815; Abbott v. City of Senath (Mo.), 243 S. W. 641; Dulaney v. Buffum, 173 Mo. 1, 73 S. W. 125.]

We shall briefly refer to one of the many cases cited by defendant in the brief, which case we have cited, supra, Paine v. Wyatt, 251 N. W. 78, which in principle is on all fours with the present case. In the Paine case it appears that the plaintiff was injured while in the employ of the Oliver Farm Equipment Sales Company, and under such circumstances as to entitle him to compensation under the Iowa Compensation Law. The defendant, Wyatt, a physician, treated the injuries received. The suit was to recover for alleged malpractice. The answer pleaded that plaintiff had received "full satisfaction" under the Compensation Law. To the defense pleaded plaintiff filed demurrer, which was overruled, and plaintiff appealed. It was held, as reflected in headnote 5 (251 N. W. 78), that an "injured employee who received compensation under compensation act could not sue physician for alleged aggravation of injuries, since payment under compensation act effected accord and satisfaction."

Since the defendant physician in the present case is not a third party under Section 3309, Revised Statutes 1929, and since plaintiff concedes that he has received full compensation for his original injury and "for the aggravation of his injuries caused by the negligent treatment by the defendant," it is our conclusion that he is barred from maintaining this cause, and that the trial court ruled correctly in sustaining defendant's motion for judgment on the pleadings.

The judgment should be affirmed and it is so ordered. *Ferguson,* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.