JACOB E. SCHUMACHER, Appellant, v. DR. C. H. LESLIE, Respondent, No. 41765—232 S. W. (2d) 913.

Court en Banc, October 9, 1950.

*Orr, Pflager, Foulis & Andreas* for appellant.

1240

*Doris J. Banta* and *Carter, Bull & McNulty* for respondent.

1242

BOHLING, C.—Jacob E. Schumacher sued C. H. Leslie, a physician, for $10,420 damages for alleged malpractice. Cast on defendant's motion to dismiss for failure to state a claim against defendant, plaintiff has appealed. Plaintiff says the question is whether an employee, covered by the Workmen's Compensation Act, who has sustained a compensable injury under said Act and has had such injury aggravated by the malpractice of the physician furnished by his employer or insurer, can maintain an action against the physician for malpractice if he has not accepted a "Final Award of Compensation" under the Act. We do not detail the allegations of plaintiff's petition as to do so would serve no useful purpose.

The case turns on the construction of §§ 3691 and 3699, R. S. 1939, Mo. R. S. A., of Chapter 29, relating to Workmen's Compensation. Said sections, so far as material, provide:

"If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter. * * * "
§ 3691, supra.

"Where a third person is liable to the employee * * *, for the injury * * *, the employer shall be subrogated to the right of the employee * * * against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee * * *, but such employer may recover any amount which such employee * * * would have been entitled to recover. Any recovery by the employer against such third

person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee * * *, and shall be treated as an advance payment by the employer, on account of any future installments of compensation." § 3699, supra.

We agree with defendant that Hanson v. Norton (1937), 340 Mo. 1012, 103 S. W. 2d 1, is "in point"; and that it is not to be distinguished by the fact that Hanson accepted the "Final Award of Compensation" under the Act, and received full satisfaction, whereas plaintiff has refused to accept part of the compensation due him under the Act and has not received full satisfaction. The trial court properly deferred to Hanson v. Norton for the latest rulings on the issues. Plaintiff also argues that he is entitled to maintain this action as against a "third person" within § 3699, supra, and also that the Workmen's Compensation Act has not taken away his common law action against the physician who aggravated his injury. After carefully considering the applicable Missouri statutes and case law and the cases from other jurisdictions, we conclude we should rechart our course and Hanson v. Norton should not be followed.

The provisions of the Workmen's Compensation acts in the different states are variously worded and holdings under the differently worded statutes need not be developed in detail as the issue is to be determined under the applicable Missouri statutes and case law.

Among the cases reaching the conclusion that no recovery can be had by an injured employee, who has received compensation under a compensation act, against a physician for malpractice resulting in an aggravation of his injury under statutes variously worded are the cases cited in footnote 1.

In other jurisdictions the injured employee's right of action against the physician for malpractice has been upheld. Again, the applicable statutory provisions are variously worded. In some instances the physician has been considered a "third person." See cases cited in footnote 2. For other cases advancing different reasons

---

1Williams v. Dale (1932), 139 Ore. 105, 8 P. 2d 578, 82 A. L. R. 922, 925; Paine v. Wyatt, 217 Iowa 1147, 251 N. W. 78, 80 [4, 5]; Markley v. White (1934), 168 Okla. 244, 32 P. 2d 716, 717 [2]; Alexander v. Von Wedel (1934), 169 Okla. 341, 37 P. 2d 252, 253 [2]; Anderson v. Allison (1942), 12 Wash. 2d 487, 122 P. 2d 484, 486, 488 [1], 139 A. L. R. 1003, 1006, 1009; Ross v. Erickson Const. Co. (1916), 89 Wash. 634, 155 P. 153, 156, L. R. A. 1916F, 319, 322; Burns v. Vilardo (1948), 26 N. J. Misc. 277, 60 A. 2d 94, 96 [2-5]; Makarenko v. Scott (W. Va., 1949), 55 S. E. 2d 88, 97 [10, 11]; Hinkelman v. Wheeling Steel Corp. (1933), 114 W. Va. 269, 171 S. E. 538.

2Hancock v. Halliday (1943), 65 Idaho 645, 150 P. 2d 137, 149, 154 A. L. R. 295, 306; Pawlak v. Hayes (1916), 162 Wis. 503, 156 N. W. 464, L. R. A. 1917A, 392, 393; Huntoon v. Pritchard (1939), 371 Ill. 36, 20 N. E. 2d 53, 56 [3, 7, 10]; Idem (1935), 280 Ill. App. 441; Seaton v. United States Rub. Co. (1945), 223 Ind. 404, 61 N. E. 2d 177, 181 [6];

for permitting a recovery, see footnote 3.

In Hanson v. Norton, supra, Norton was employed by Hanson's employer and its insurer to render medical and surgical treatment, and he treated Hanson when he received a compensable injury. Hanson accepted the full compensation awarded him under the Act for his injuries, which included compensation under the Act for the aggravation resulting from Norton's alleged malpractice.

In these circumstances the court held that Norton, the physician, was not a third person under now § 3699, because "we are of the opinion that in order for a wrongdoer to be a *third* person against whom an action may be maintained by the injured party, after such injured party has received full compensation under the Compensation Act, such person must be the one who committed, or is responsible for the commission of, the act that resulted in the original injury. Paine v. Wyatt, 217 Iowa 1147, 251 N. W. 78. Under such construction, defendant in the present case, is not a *third person* under § 3309 [now § 3699, supra], not only because he was not primarily liable under the Act, but because he did not commit the original act which resulted in the *original* injury." 103 S. W. 2d l. c. 5 [3].

The court also considered that payment under the Compensation Act effected an accord and satisfaction; applying the common law rule "that when an injured party has received full satisfaction for his injury, from one wrongdoer, whether the injury was caused by one or more, each of whom may be severally liable, he is barred from further recovery from the other tortfeasors." This is good law as between common law joint tort-feasors; but whether the "compensation payable under the Act" constitutes full accord and satisfaction "at common law" when a third person tort-feasor is liable depends upon the wording of the specific statutory provisions involved.

"The Compensation Act does not take away the employee's common-law right against an offending third person." Reynolds v. Grain Belt Mills Co., 229 Mo. App. 380, 788 S. W. 2d 124, 130[3]. Bunner v. Patti, 343 Mo. 274, 121 S. W. 2d 153, 155[3], points out that while § 3699, supra, subrogates the employer to the rights of the employee against a third person: "yet it is settled that the employee

---

Baker v. Wycoff (1938), 95 Utah 199, 79 P. 2d 77, 81 [2, 3, 14, 17]; Parchefsky v. Kroll Bros. (1935), 267 N. Y. 410, 196 N. E. 308, 98 A. L. R. 1387, 1389, 1391; Froid v. Knowles (1934), 95 Colo. 223, 36 P. 2d 156, 157 [3].

[3]McGough v. McCarthy Imp. Co. (1939), 206 Minn. 1, 287 N. W. 857; Smith v. Coleman (1941), 46 Cal. App. 2d 507, 116 P. 2d 133, 136 [5-7]; Ruth v. Weatherspoon-Englar Co. (1916), 98 Kan. 179, 157 P. 403, L. R. A. 1916E, 1201; Powell v. Galloway (1929), 229 Ky. 37, 16 S. W. 2d 489; Keen v. Allison (1933), 166 Tenn. 218, 60 S. W. 2d 158; Benson v. Sioux Falls Medical and Surgical Clinic (1934), 62 S. D. 324, 252 N. W. 864.

also may sue, independent of the statute, or the two may sue together; and this is true notwithstanding the employee has already claimed and collected compensation under the Act for the same injuries from his employer. Anzer v. Humes-Deal Co., 332 Mo. 432, 58 S. W. 2d 962.''[4]

The employee's rights under the Missouri Compensation Act against his employer embrace compensation for the aggravation of the primary injury through malpractice by a physician selected by the employer, such malpractice constituting a natural consequence of the primary injury. Hughes v. Maryland Cas. Co., 229 Mo. App. 472, 76 S. W. 2d 1101, 1103[2] citing cases, and discussion 1105[5]. See Persten v. Chesney (Mo. App.), 212 S. W. 2d 469, 475[7]. The Act, under § 3691, supra, affords the exclusive remedy for the compensable aggravation of an injury by a physician so far as the liability of the employer or his insurer is concerned, insurers being made primarily liable under § 3715 of the Act and not being ''third persons.'' Hughes v. Maryland Cas. Co., supra (76 S. W. 2d l. c. 1104[3, 4]).

Hanson v. Norton, supra, goes a step farther in holding the common law rights of the employee against a physician for malpractice aggravating a compensable injury to have been abrogated by the Act.

The cases of Staehlin v. Hochdoerfer (Mo.), 235 S. W. 1060, 1062[2, 3], and Parkell v. Fitzporter, 301 Mo. 217, 256 S. W. 239, 243[3, 4], 244, develop the law of Missouri in regard to the liability of a physician for malpractice aggravating an injury.

The facts in Parkell v. Fitzporter are illustrative. Parkell suffered a broken leg when struck by an automobile operated by Fitzporter, a physician. Fitzporter took Parkell to a hospital where he and Dr. Printy, another physician, treated Parkell. Parkell sued Fitzporter for damages on account of the original injury and secured a judgment thereon, which was satisfied. Thereafter Parkell sued Fitzporter and Printy for malpractice.

These cases recognize, where the original injury is the result of a tort, that the original tort-feasor is liable for the original injury and any malpractice of the tort-feasor's physician in treatment aggravating said original injury; that the physician is not liable for the original injury; that the two are joint tort-feasors with respect to the aggravation; and that the two injuries are not so legally connected that the satisfaction of, say, the original injury necessarily bars the suit for malpractice against the physician. In other words, they are to the effect that malpractice on the part of

---

[4]See also Smith v. Siedhoff (Mo.), 209 S. W. 2d 233, 239 [12]; Gardner v. Stout, 342 Mo. 1206, 119 S. W. 2d 790, 792 [3]; General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S. W. 2d 442, 445 [2, 3]; McKenzie v. Missouri Stables, Inc., 225 Mo. App. 64, 34 S. W. 2d 136, 139 [10, 11].

a physician aggravating an original injury is not necessarily such an intervening act as to break the chain of causation between the original injury and the ultimate result, the aggravation being regarded as a probable consequence of the original injury (6 Schneider, Workmen's Compensation, 56, n. 16; 1 Id., 236, § 97, n. 2; 3 Id., 209, § 841; 71 C. J. 641, § 395; 15 Am. Jur. 494, §§ 84-86; 58 Am. Jur. 776, § 279); and that such malpractice is, at the same time, sufficiently independent of the original injury to give rise to a cause of action against the physician tort-feasor. When the malpractice is not an act which flows legitimately as a natural and probable consequence of the original injury, the chain of causation is broken and the malpractice constitutes an independent intervening cause. 15 Am. Jur. 495, § 85, nn. 19, 20; 41 Am. Jur. 252, § 137, nn. 8-9.1; 58 Am. Jur. 776, § 279, n. 8.

A coemployee or fellow servant or a foreman is a "third person" within § 3699, supra. Sylcox v. National Lead Co., 225 Mo. App. 543, 38 S. W. 2d 497; Wors v. Tarlton, 234 Mo. App. 1173, 95 S. W. 2d 1199, 1207[10]; Gardner v. Stout, 342 Mo. 1206, 119 S. W. 2d 790, 792[3-5].

In the Sylcox case, Sylcox, an employee of the corporate defendant, sued his employer and his coemployee Keeney in tort for damages for personal injuries. A plaintiff's judgment against both defendants was reversed as to the corporate defendant because the accident occurred at a place where plaintiff's services for said employer reasonably required him to be and, hence, the accident was within the purview of the Workmen's Compensation Act (38 S. W. 2d 1. c. 501), while the judgment was affirmed as to the coemployee defendant because he was not subject to the Workmen's Compensation Act, being a "third person" within § 3699, supra.[5]

This ruling is in harmony with holdings to the effect that neither the exclusion clause of § 3691, nor the provisions of § 3699, supra, abrogates the employee's common law rights against a "third person"; and holdings that a third person "is one upon whom no liability could be entailed under the Act." McKenzie v. Missouri Stables, Inc., 225 Mo. App. 64, 34 S. W. 2d 136, 138[5]; Sylcox

---

[5]Other holdings to like effect are: Hudson v. Moonier, 94 F. 2d 132, 137 [8], reversed and remanded to apply the law of Missouri. 304 U. S. 397, 58 S. Ct. 954, 82 L. Ed. 1422; mandate conformed to, 102 F. 2d 96; certiorari denied, 307 U. S. 639, 59 S. Ct. 1037, 83 L. Ed. 1520; Behr v. Soth, 170 Minn. 278, 212 N. W. 461, 463 [3]; Rehn v. Bingaman, 151 Neb. 196, 36 N. E. 2d 856, 859 [3, 4]; Zimmer v. Casey, 296 Pa. 529, 146 A. 130, 131 [6, 7]; Churchill v. Stephens, 91 N. J. L. 195, 102 A. 657, 658 [2]; Webster v. Stewart, 210 Mich. 13, 177 N. W. 230, 231 [2]; Wallace v. Pacific El. Ry. Co. (Cal. App.). 288 P. 834, 836 [3]; and see 57 C. J. S. 348, § 578; 71 C. J. 1525, §§ 1557, 1565; Annotations, 106 A. L. R. 1059; 88 A. L. R. 692; 67 A. L. R. 276; 19 A. L. R. 793; 58 Am. Jur. 617, § 61; 35 Am. Jur. 954, §§ 525, 526.

v. National Lead Co., 225 Mo. App. 543, 38 S. W. 2d 497, 501[6, 9];
Hughes v. Maryland Cas. Co., 229 Mo. App. 472, 76 S. W. 2d 1101,
1104[3].

We think the term "third person" in § 3699, supra, has its usual
meaning. The Act predicates the liability of the employer on the
incident of the employment (master and servant) relationship and
not on negligence. A third person is one with whom there is no
master and servant relationship under the Act. Plaintiff predicates
the liability of defendant for malpractice on the fault of a tort-
feasor. We perceive no reason for subrogating an employer to his
employee's rights against a tort-feasor involving an original injury
and denying that subrogation against a tort-feasor, be he physician
or other person, aggravating the original injury and adding to the
employer's liability through increased compensation for such aggrava-
tion under the Act. To hold a third person must be one participating
in the original injury is to deprive the employer of his right of sub-
rogation under § 3699 for the increased compensation occasioned by
the aggravation of the injury and is not within the letter or the
spirit of an Act which casts liability on employers (§ 3691) "irre-
spective of negligence." Greater reason exists for allowing an em-
ployer subrogation for the compensable aggravation than for an
original "accident arising out of and in the course of" the employee's
employment, as the employer is more likely to be without personal
fault in connection with the aggravation. We find no legislative
intent to make a distinction between an original injury and an
aggravation thereof. Section 3699, supra, recognizes common law
rights against third persons and indicates an intention to preserve
rather than abrogate such rights. No employer and employee or
master and servant relationship existed between the instant plaintiff
and defendant. The benefits of the Act accrue to those who share its
burdens. Defendant did not share its burdens. He is not entitled
to its benefits. Hence, we conclude he was a stranger under the
Act, a "third person." We speak of a compensable aggravation of
an original compensable injury. Consult cases at footnote 2, supra;
41 Am. Jur. 251, § 136; 58 Am. Jur. 621, § 66; 71 C. J. 1520,
§§ 1555, 1557, 1602; Annotations, 154 A. L. R. 315; 139 A. L. R.
1010; 82 A. L. R. 932.

We agree with what is said in Hanson v. Norton, 340 Mo. 1012,
103 S. W. 2d 1, 6[4], regarding receipt of full satisfaction from one
of several joint tort-feasors barring further recovery from cotort-
feasors. However, an employer's liability under the Act is predicated
on the relationship of employer and employee and does not rest in
tort. § 3691, supra. His position is superior to that of a third
person tort-feasor, against whom he is subrogated to the rights of
his injured employee. The provisions of the Act disclose that the
compensation payable thereunder does not constitute satisfaction

for all damages sustained by an injured employee. For instance: §§ 3703-3706 among others, of the Act. It has been said that the Act does not seek to provide damages for pain, suffering, or physical ailment. Dauster v. Star Mfg. Co. (Mo. App.), 145 S. W. 2d 499, 502[1]; Gayhart v. Monarch Wrecking Co., 226 Mo. App. 1118, 49 S. W. 2d 265, 266.

Under the explicit wording of § 3699, supra, " * * * the recovery by such employer shall not be limited to the amount payable as compensation to such employee * * *, but such employer may recover any amount which such employee * * * would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee * * * ." It is inescapable that full compensation under the Act does not necessarily constitute payment for all damages sustained. Hughes v. Maryland Cas. Co., 229 Mo. App. 472, 76 S. W. 2d 1101, 1104[3, 4], is not the instant case as it involved the liability of the employer's insurer for the malpractice of its physician. The employer's insurer is made primarily liable by § 3715 of the Act and is not a stranger or a "third person" under the Act.

Under the Missouri Act and the decisions construing it there is no double recovery, an evil to be avoided, because whoever, the employer or the employee, recovers against a third person tort-feasor holds so much of such recovery as in truth and in fact belongs to the other as an express trustee—the employee to see that the employer's right of subrogation is protected, and the employer to see that the employee receives any surplus after his indemnification. McKenzie v. Missouri Stables, Inc., 225 Mo. App. 64, 34 S. W. 2d 136, 139[7]; Reynolds v. Grain Belt Mills Co., 229 Mo. App. 380, 78 S. W. 2d 124, 130[2]; General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S. W. 2d 442, 446[5].

The judgment is reversed and the cause is remanded.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court en Banc. All concur.