[No. 28597. Department Two. February 19, 1942.]

ERIC ANDERSON, *Appellant*, v. HARRY S. ALLISON *et al.*, *Respondents.*[1]

*Pomeroy & Griffith*, for appellant.

*Horace G. Geer*, for respondents.

BEALS, J.—During the month of January, 1939, plaintiff herein, Eric Anderson, was working as a long-shoreman for the McCormick Steamship Company.

[1] Reported in 122 P. (2d) 484.

During the course of his employment, he was injured by falling into the hold of a steamship, and, by his employer or its representative, plaintiff was taken to a hospital in Tacoma for treatment. After the lapse of some time, plaintiff elected to receive compensation under the provisions of the Federal longshoremen's and harbor workers' compensation act (33 U. S. C. A., § 933 thereof), and in due time received compensation, pursuant to the statute, by way of a lump sum amounting to $2,357.60, and in addition thereto, a monthly payment of $84.20, which was to continue for an indeterminate time.

In his complaint in this action, plaintiff alleged that the defendants Carroll C. Carlson and C. R. Fischel were retained by plaintiff's employer, or its insurer, to furnish plaintiff proper medical treatment for his injuries, and that, while so attending plaintiff, the two defendants named negligently and carelessly caused plaintiff to be severely burned along his right arm and shoulder, and that thereafter defendants Carlson and Fischel caused defendant Harry S. Allison to perform an operation on plaintiff, as a result of which plaintiff's arm has been rendered useless, to plaintiff's permanent damage. In this action, plaintiff demanded judgment against the three defendants named for a large sum by way of damages for the alleged malpractice which they committed on plaintiff, as stated in his complaint.

The defendants, by their answer, denied all negligence on their part, and by way of an affirmative defense, alleged plaintiff's injury; that plaintiff's employer retained defendants to treat plaintiff for the injuries which he had sustained, and that the employer paid defendants for the services rendered to plaintiff; that plaintiff thereafter elected to seek compensation under the Federal statute above referred to, and filed with the United States employees' compensation com-

mission his claim for compensation thereunder, for all injuries suffered by him and existing at the time of the filing of his claim, such "injuries being the same injuries now complained of in this cause"; that August 26, 1940, plaintiff was awarded compensation, as hereinabove set forth. Defendants' affirmative defense also contained the following paragraph:

"III. That under the terms of the Longshoremen's and Harbor Workers' Compensation act being compiled in Vol. 33, U. S. C. A. Sec. 933, which reads as follows, to-wit:

" '(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

" '(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person. As amended June 25, 1938, c. 685, § 12, 52 Stat. 1168.

" '(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

" '(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section, . . .'

the plaintiff has heretofore elected to receive compensation from and under the provisions of the said act and has received and is receiving such compensation at this date; under the terms of the aforementioned act and by such election by this plaintiff the McCormick Steamship Company is subrogated to all rights which

the plaintiff may have had and to all claims against the defendants herein if any."

Defendants then prayed that plaintiff's action be dismissed. To the affirmative defense contained in defendants' answer, plaintiff demurred, upon the ground that the affirmative defense failed to state facts sufficient to constitute a defense to plaintiff's complaint. The trial court overruled plaintiff's demurrer, and, plaintiff having elected to stand upon his demurrer and having refused to plead further, an order dismissing the action was entered, from which plaintiff has appealed.

Error is assigned upon the order of the trial court overruling appellant's demurrer to the affirmative defense contained in respondents' answer, and upon the entry of judgment dismissing the action.

The question presented, therefore, is whether appellant, having claimed and accepted compensation for his injuries under the Federal statute above referred to, after he had suffered the injuries referred to in his complaint, both the original injury resulting from his fall into the hold of the steamship and any injuries which he received as the result of the acts of the respondents in this action, is, by his claim and the subsequent award, barred from suing the respondents in this action for the alleged malpractice referred to in his complaint.

The question to be here determined was presented in the case of *Rundin v. Sells*, 1 Wn. (2d) 332, 95 P. (2d) 1023 (certiorari denied, 310 U. S. 645, 84 L. Ed. 1412, 60 S. Ct. 1094), but was not decided by this court, as it was held that the action was barred by the statute of limitations.

In the case of *Ross v. Erickson Const. Co.*, 89 Wash. 634, 155 Pac. 153, this court held that, under the workmen's compensation act of this state, an in-

jured workman receiving compensation thereunder for an injury cannot maintain an action for malpractice against the physician who treated him for his injury, seeking damages by way of an aggravation of the original injury, any harm resulting from the malpractice being proximately attributable to the original injury, and so within the scope of the statute providing compensation for workmen injured in industry.

Rem. Rev. Stat., § 7679 [P. C. § 3472], reads as follows:

"Each workman who shall be injured in the course of his employment, or his family or dependents in case of death of the workman, shall receive out of the accident fund compensation in accordance with the following schedule, and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

Appellant contends that, under the section quoted, and other portions of the statute referred to by this court in its opinion in the *Ross* case, the case is not here controlling, *inter alia,* because under the Federal statute above referred to, by § 902 thereof, the term *injury* is defined as follows:

"The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment." (33 U. S. C. A. § 902.)

Appellant argues that, under the provisions of the Federal statute above quoted, the compensation which he admits he received in contemplation of law covered only the damages occasioned by the accident, and that his claim for damages as the result of the alleged mal-

practice on the part of respondents has not been, because of the admitted payment to and acceptance by appellant of compensation, by operation of law assigned to ·appellant's employer.

It may be admitted that the language of the workmen's compensation act of this state more clearly operates to bar such a claim on the part of an injured workman as is presented in appellant's complaint than does the Federal statute, but that does not mean that the two statutes are not in fact essentially the same, in so far as the question here presented is concerned.

In the case of *Carmichael v. Kirkpatrick,* 185 Wash. 609, 56 P. (2d) 686, this court reaffirmed the rule laid down in the case of *Ross v. Erickson, supra.* Several other courts, in construing state statutes, have followed the rule referred to, for example, *Williams v. Dale,* 139 Ore. 105, 8 P. (2d) 578, 82 A. L. R. 922, and *Baker v. Wycoff,* 95 Utah 199, 79 P. (2d) 77; and it has also several times been held that the aggravation by malpractice of an injury does not become an intervening cause of damages, but is incidental to the original injury. *Polucha v. Landes,* 60 N. D. 159, 233 N. W. 264; *Pitkin v. Chapman,* 121 Misc. Rep. 88, 200 N. Y. S. 235; *Roman v. Smith,* 42 F. (2d) 931; *Sarber v. Aetna Life Ins. Co.,* 23 F. (2d) 434. This court adopted this rule in the case of *Yarrough v. Hines,* 112 Wash. 310, 192 Pac. 886.

The supreme court of Utah, in the case of *Baker v. Wycoff, supra,* construing a section of the workmen's compensation statute of that state, referred to in the opinion, said, concerning one of the questions presented to the court for decision:

"The first inquiry is whether the negligence of the physician is an injury for which compensation is payable under the statute. The answer must be in the affirmative, as it seems well settled that, where the chain of causation between an accidental injury and

the ultimate disability remains unbroken, an injured employee is entitled to statutory compensation for the ultimate injury resulting from the accidental injury, though the injury has been aggravated by intervening malpractice. The treatment of the original injury by a physician is within the chain of causation."

The court held that

" . . . the physician must be held a 'third person' under the decision of this court in *Gunnison Sugar Co. v. Industrial Comm.* [73 Utah 535, 275 P. 777] and the other cases heretofore cited, to the effect that the compensation liability referred to in the statute is not limited to compensation for the initial injury but includes also expense and disability caused by acts of other persons if within the chain of causation. . . .

"Our statute recognizes and preserves the common-law right of action in the employee against a third person causing an injury, but, where such is within the chain of causation and aggravates or adds to the original injury, it becomes part of the injury for which compensation may be paid. The option is left with the employee as to whether he will claim compensation for his injury or maintain his common-law right of action against the physician. On broad grounds of furthering substantial justice conducive to better social relationships and to guard against injustice which might result from a double recovery by the employee, the statute provides that the employer or the insurance carrier who pays compensation is subrogated to the rights of the employee where the employee has exercised his option and taken compensation. The statute contemplates that a wrongdoer shall not go unwhipped of justice."

The statute of the state of Utah, covering the matter of workmen's compensation, or industrial insurance, in so far as the question here presented is concerned, more nearly resembles the Federal statute than does the statute of this state.

In the case of *Sarber v. Aetna Life Ins. Co.*, 23 F. (2d) 434, the circuit court of appeals for the ninth

circuit, speaking through Judge Rudkin, held that, under the workmen's compensation act of the state of California, an injured workman was entitled to compensation for the extent of his disability, based on the ultimate result of the accident, notwithstanding the fact that the injury may have been aggravated by malpractice on the part of the physician chosen by the employer. It was also held that, when, under the provisions of the workmen's compensation act, an insurance carrier is substituted for the employer, the carrier is subrogated to all the rights and duties of the employer.

In the case of *Sciortino v. Dimon S. S. Corp.*, 39 F. (2d) 210, it appeared that the plaintiff, a longshoreman, was injured while employed on a steamship owned by the defendant; that after the accident he was taken to a hospital, the treatment for the accident continuing after he had returned to his home. The accident was reported pursuant to the Federal statute. It appeared that the insurance carrier for the plaintiff's employer regularly issued its vouchers in payment of compensation to the plaintiff, the vouchers having been, for a long period, accepted and cashed by plaintiff's wife. Plaintiff denied knowledge as to these payments prior to a certain date, but the court was convinced that during this period the plaintiff knew that the compensation was being received and accepted. The amount of compensation which he had received was tendered to the insurance company, and refused, whereupon suit was instituted for the recovery of further compensation. The court stated:

"The sole question for determination is whether or not the third party action specially reserved to injured employees by virtue of section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 933 (b), has been saved to this plain-

tiff, or whether the Travelers' Insurance Company has been subrogated to the rights of the plaintiff."

The court concluded:

"Plaintiff has elected to take compensation and therefore cannot rescind this election. Plaintiff's acceptance of compensation operates as an assignment of his rights to his employer. Section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 933 (b). The plaintiff's acceptance of compensation with full knowledge thereof bars a recovery in this action. The complaint will be dismissed."

In the case of *Moore v. Hechinger*, 39 F. Supp. 427, it was held that, under the Federal compensation act, the acceptance of compensation pursuant to an award operates as an assignment to the employer of all rights of the injured employee to recover damages against a third person causing the injury. In the course of the opinion, the court said:

"The right, therefore, to maintain an action against a third party is clearly in the employee if he does not elect to receive compensation, and it is clearly in the employer if he does so elect. The employee can elect which course he will follow, but he cannot follow both. *Hunt v. Bank Line*, 4 Cir., 35 F. 2d 136. 'In the case where the employee survives and accepts compensation as the only person entitled, it is clear that the statutory assignment vests in the employer the full right to recover damages from the third person. Double recovery by the employee . . . is thus avoided. Yet the employer is permitted to share in the recovery only to the extent of his own liability, . . . and any excess goes to the injured employee.' *Aetna Life Insurance Company v. Moses*, 287 U. S. 530, 53 S. Ct. 231, 232, 77 L. Ed. 477, 88 A. L. R. 647."

It was held that an injured employee who had elected to receive compensation under the Federal statute did not enjoy the right to proceed as plaintiff in an action which, according to the terms of the act,

had been assigned to his employer, and which was instituted for the purpose of recovering damages from a third person who had caused the injury to the workman.

It has been suggested that some of the inferior courts of the state of New York have decided cases which tend to support appellant's position here. In this connection the opinion of the court of appeals of New York, in *Parchefsky v. Kroll Bros.*, 267 N. Y. 410, 196 N. E. 308, 98 A. L. R. 1387, is of interest. This was a proceeding under the workmen's compensation law, by Parchefsky as claimant, against Kroll Bros., Inc., his employer, and Maryland Casualty Company, an insurance carrier, from an order of the appellate division affirming an award in favor of the claimant. The employer and the insurance carrier appealed. It appeared that the plaintiff, while in the employ of the defendant, sustained an injury suffered in the course of his employment, for which he was entitled to receive an award against his employer and against the carrier. Plaintiff filed a claim after he had returned to work and had received his full wages during the period he was unable to work because of his injury. Action on the claim was delayed from time to time, it appearing that the plaintiff had sued the carrier for the alleged malpractice of physicians employed by the carrier in treating the original injury. Finally, an award was made almost four years after the date of the accident. Meanwhile, apparently, the claimant had received from the carrier thirty-five hundred dollars in settlement of his suit for malpractice, and the award under the statute amounted to something over sixteen hundred dollars. After calling attention to the rule that compensation under the New York statute is awarded for the ultimate results of an injury

which follow upon the intervening malpractice, the court, after citation of authorities, concluded:

"The injured employee is entitled to receive compensation for the result of the original injury apart from the result of the negligent treatment of the original injury. Here there is no room for election between statutory remedy against the employer and common-law remedy for malpractice. Recovery in the malpractice actions cannot include compensation for results of the original injury apart from the result of the malpractice. After malpractice has aggravated the original injury, the subsequent disablement is due to concurrent causes inextricably intertwined. More than that, these results would not have followed from the original injury but for the independent negligence of the physician. To the extent that the injury for which compensation may be made under the Workmen's Compensation Law *includes* the result of malpractice, the 'injury' is due to the negligence of the physician within the spirit and letter of the statute. To that extent, then, the injured employee has a common-law remedy against the physician and a statutory remedy against the employer. In accordance with the common-law rule applicable to tort actions and the statutory rule embodied in section 29 of the Workmen's Compensation Law, the injured employee has then an election which remedy he will pursue. If he pursues his common-law remedy against the negligent physician and collects more than the compensation provided by the statute, the employer or carrier is liable only for the injury, apart from the result of the malpractice. If he elects to take compensation under the statute, including damages for the injury caused by the physician's negligence, the employer becomes subrogated to the employee's right of action against the physician. So here the Industrial Board erred in rejecting proof that the employee had received a larger sum as settlement of the malpractice action than he would have received as compensation for the original injury, including the results of the malpractice. Upon that proof the claimant was en-

titled only to an award for the injury apart from the malpractice.

"The injustice of any other rule is aptly illustrated by this case. The carrier has satisfied the claimant's cause of action for damages caused by the malpractice of its agents in treating the original injury and then has been directed to compensate the claimant for the injury which includes the same damages. The statute cannot fairly be construed to admit such a result."

While the cases cited are not directly in point upon the precise question to be here decided, they throw light upon the underlying principles upon which this case should be decided.

In the case at bar, it stands admitted that appellant has been compensated by the award made in his favor pursuant to the Federal statute, for all injuries suffered by him as the result both of the original accident and any malpractice on the part of the respondents in this action, which aggravated appellant's injuries.

While the decided cases which touch upon matters akin to that here presented are not entirely in accord, we are convinced that both the weight of authority and sound reason call for an affirmance of the judgment entered by the trial court, pursuant to its ruling that the affirmative defense pleaded by respondents in their answer stated a good defense to appellant's complaint.

A contrary conclusion would, in the case at bar, allow appellant an opportunity to make a double recovery for at least a portion of his injuries, and would probably have that effect in other similar cases, as it is clearly the rule, sustained by the great weight of authority, that an injured workman is entitled to have included in any award made him under a workmen's compensation statute, any injury or disability

which he may suffer as the result of aggravation, by way of malpractice, of the original injury.

Judgment affirmed.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.