## MARTIN et al. v. CONSOLIDATED CASUALTY INS. CO. et al.

### No. 10565.

Circuit Court of Appeals, Fifth Circuit.

Nov. 26, 1943.

W. E. Johnson, of Dallas, Tex., for appellants.

William M. Ryan, of Houston, Tex., and Thos. B. Ramey, of Tyler, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants, Mrs. Ova Martin, wife, and C. P. Martin and wife, Mary Martin, the parents of G. C. Martin, deceased, claimed against and obtained from Consolidated Casualty Insurance Co., the insurance carrier of Sinclair Prairie Oil Company, his employer, full satisfaction under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., for his death resulting from aggravation by med-

ical treatment of an injury occurring in the course of his employment. They then brought this suit [1] against the carrier and three physicians, both wife and parents claiming damages under Texas Death statutes, the wife alone claiming punitive damages under the Constitution of Texas. On request for admissions [2] under Rule 36, 28 U.S.C.A. following section 723c, plaintiffs admitted that they had filed claim for, and had been awarded, and obtained, judgment for, and had collected from Consolidated Casualty Insurance Company, the full compensation for death provided by the Texas Workmen's Compensation Stat-

utes. Whereupon on the basis of the admissions which were treated by all the parties as in effect made part of plaintiffs' pleading, appellant, the insurance carrier, moved to dismiss on the ground that plaintiffs, having elected to claim against and obtain from it full compensation under the Texas Workmen's Compensation Act, were precluded by Sec. 3a of Art. 8306, Revised Civil Statutes of Texas [3] from maintaining this suit.

The district judge, rejecting plaintiffs' contention that the insurance carrier was, or could be, a third party, that is, "some person other than the subscriber", [4] held

[1] It was in substance alleged that Martin, deceased, while in the employ of the Sinclair Prairie Oil Co., Consolidated Casualty Ins. Co. being the insurance carrier, received personal injuries entitling him to compensation, that he gave notice of his injury and received an award thereon. That he was dissatisfied with the award and filed suit in the District Court to set it aside. That in the suit Consolidated Casualty Ins. Co., as by law entitled, made demand upon said Martin that he be examined by a physician or physicians selected by the company. That the physicians selected were Dr. Faust, Dr. L. S. Deason and Dr. Giles Deason. That said physicians at the special instance and request of the Consolidated Casualty Ins. Co., injected into the spinal canal of the said Martin a certain drug or chemical known as diodrast, as a result of which he was thrown into convulsions and died. Plaintiffs further charge that the injection was made without Martin's consent, without his knowledge of their intention to inject it, and over the protest of his physician, and that said injection was made by the physicians at the special instance and request of, and as a result of, an agreement with the Casualty Co. That said action was wrongful because done without his consent and because done negligently.

[2] These admissions were: (1) that plaintiffs did file claim for compensation with the Industrial Accident Board of the State of Texas, stating "the cause of death was while working for Sinclair Prairie Oil Co., deceased's feet slipped, and he fell, striking on the concrete, injuring his back and head and neck; that thereafter on the 29th day of July, 1941, the physicians of the insurance carrier demanded a physical examination of the deceased and during such examination injected foreign substance in plaintiff's back and spinal canal which

resulted in his death on said date. (2) that the Industrial Accident Board denied the claim of the father and mother but awarded to the wife full compensation for death, reciting that G. C. Martin was an employee of Sinclair Prairie Oil Co., which was a subscriber to the Employers Liability Act with insurance carried by Consolidated Casualty Ins. Co., that he suffered injuries in the course of his employment and died as a proximate result of the combined effects of the accident injuries and the medical treatment given him for said injuries. (3) Ova Martin, the wife, filed suit on the award against Consolidated Casualty Insurance Co. and recovered judgment for $7045.20, the full compensation awarded by the Board.

[3] Sec. 3a, Art. 8306, R.C.S. of Texas: "An employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right."

[4] "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may en-

that plaintiffs, having elected to proceed against the association for compensation for the death of the decedent and having obtained judgment for such compensation, could not proceed against it in a suit for compensatory damages. He, therefore, sustained the motion as to, and dismissed all claims for, compensatory damages, but denied it, and retained the suit, as to the claims for exemplary damages. Thereafter, one of the physicians, Dr. Faust, moved to dismiss on the ground that by plaintiffs' own allegations and admissions, what he did was done as the agent of the insurance carrier, and the insurance carrier not being liable to such suit, he, as its agent, could not be. This motion, as the insurance carrier's motion had been, was sustained by the district judge as to the claim for compensatory damages. It was denied as to the claim for exemplary damages, and the suit was retained on the docket as to that claim. Plaintiffs, admitting that decisions from other states [5] support the trial court's holding, are here insisting that, under Texas law and particularly under Hoffman v. Houston Clinic, Tex.Civ.App., 41 S.W.2d 134, and Pedigo & Pedigo v. Croom, Tex.Civ.App., 37 S.W.2d 1074, the insurance carrier and the physicians occupy the status of third parties and are not "agents, servants or employees" within the meaning of the Texas Workmen's Compensation Act. Cf. Haynes v. Taylor, Tex.Com.App., 35 S.W.2d 104; Standard Accident Ins. Co. v. Pennsylvania Cas. Co., 5 Cir., 49 F.2d 73, and cases cited.

Appellees move to dismiss the appeal because: the orders appealed from are not final appealable judgments; each disposes only of the particular defendant named in the motion, leaving the case undisposed of as to other defendants; and each, instead of disposing of the claim for damages for death of the decedent, merely constitutes a preliminary ruling as to the damages recoverable. As to appellees' first ground that the suit is on one indivisible claim, appellants insist that this is not so. It presents, they say, two separate and distinct claims. One of these is a claim on a statutory cause of action brought by all the plaintiffs under the Death Statutes of Texas, Art. 4671–4678, R. C. S. of Texas, Vernon's Ann.Civ.St. arts. 4671–4678, and is limited to actual or compensatory damages, the other is a claim on a constitutional cause of action, brought by the wife alone under the Constitution of Texas.[6]

Appellants insist that there is no substance in appellees' second point that the suit was against the defendants as joint tort feasors, the orders appealed from did not dispose of all of them, and, therefore, within the rule of Hohorst v. Hamburg American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, and Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465, the judgment was not final. In support, they point to the supplemental record showing that the cause is no longer pending as to the two defendants named in the petition but not dismissed in the orders appealed from; that

---

force in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing hereof." Sec. 6a, Art. 8307, Revised Civil Statutes of Texas.

[5] Fitzpatrick v. Fidelity & Cas. Co., 7 Cal.2d 230, 60 P.2d 276; Hughes v. Maryland Cas. Co., 229 Mo.App. 472, 76 S.W.2d 1101; Anderson v. Allison, 12 Wash.2d 487, 122 P.2d 484, 139 A.L.R. 1003; Hanson v. Norton, 340 Mo. 1012, 103 S.W.2d 1; Paine v. Wyatt, 217 Iowa 1147, 251 N.W. 78; Vatalaro v. Thomas, 262 Mass. 383, 160 N.E. 269; Revell v. McCaughan, 162 Tenn. 532, 39 S.W.2d 269; McDonough v. National Hospital Ass'n, 134 Or. 451, 294 P. 351.

[6] Art. 16, "Sec. 26. Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide." Vernon's Ann.St.

one of them was never served; that the other, though served in, has, since the entry of the order appealed from and before he had filed any answer in the suit, been dismissed from it.

■■ We agree that the appeal should not be dismissed. The Texas cases leave no doubt that plaintiffs' petition presented two distinct claims, one for exemplary damages based on the Texas Constitution, Robertson v. Magnolia Petroleum Co., Tex.Civ.App., 255 S.W. 223; Morton Salt Co. v. Wells, 123 Tex. 151, 70 S.W.2d 409; the other for compensatory damages for wrongful death based on the Texas death statute, Gutierrez v. El Paso & N. E. R. R. Co., 102 Tex. 378, 117 S.W. 426; Kirby Lumber Co.'s Receivers v. Owens, 56 Tex.Civ.App. 370, 120 S.W. 936; Elliott v. City of Brownwood, 106 Tex. 292, 166 S.W. 1129; Childs v. Childs, Tex.Civ.App., 107 S.W.2d 703. The order disposing of one of these claims though leaving the other undisposed of was final and appealable. Sidis v. F.-R. Publishing Co., 2 Cir., 113 F.2d 806, 807, 138 A.L.R. 15; Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478. Appellees' second point, that the appeal must be dismissed because the cause is still pending as to the other defendants not named in the orders of dismissal is no better taken for the supplemental record shows that this is not in fact so. For us to order the case reversed, on the supposition, shown by the supplemental record to be erroneous, that the cause is still pending as to other defendants, would be a vain and foolish thing to do.

■■ On the merits, however, the law is with the appellees. It is settled law in Texas that the insurer stands in the place of the employer and may be held accountable only as the employer may be, and it is not even contended by appellants that an employer who had provided and paid compensation could be held liable in a suit for compensatory damages for his own acts or omissions or those of his servants or agents. Lindsey v. Texas & N. O.

R. Co., Tex.Civ.App., 87 S.W.2d 864. Without regard then to the authorities cited from other states, it is sufficient to say that under settled Texas law, no case against the insurance carrier was shown.

■ As to Dr. Faust, we agree with appellants that in determining whether he is suable as a third party, we must follow the lead of the Texas courts. But we cannot agree that the two cases they cite are controlling here. In neither of those cases was it alleged, as here, that the physicians did what they did upon the express instruction, and, therefore, as "agents, servants or employees" of the insurance company or the employer, but quite the contrary. In Pedigo's case, it was claimed merely that the physicians had been guilty of malpractice in connection with their treatment of his broken leg, and there was no suggestion of any kind that the treatment they gave was given as the agents, or at the request, of the insurance company. The same is true of the Houston Clinic case. There, while it does appear that the physicians treated the employee under an order sent by his employers, acting in accordance with the law, requesting them to give medical aid to Hoffman, all that was said to the physicians was, "Please render necessary treatment to Hoffman who was injured while in our employ engaged in his regular occupation". The court, recognizing that there could be no recovery unless the physicians were third persons, that is, independent contractors, concluded that within the meaning of the Texas authorities, they were. Here, the petition carefully alleged that what was done by Faust was done at the direction and request of the insurance company, that is, that he did what he did under the direction and control of the company. Under these circumstances, Faust's action was not that of an independent contractor but of a mere servant or agent of the company, and under the Texas Workmen's Compensation law, no recovery could be had against him.[7] The judgment is right. It is affirmed.

[7] Cf. Lindsey v. Texas & N. O. R. Co., supra; Great American Indemnity Co. v. Fleniken et al., 5 Cir., 134 F.2d 208; American National Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A. L.R. 409.