171 P.2d 333

### HANCOCK v. HALLIDAY et al.

### No. 7276.

Supreme Court of Idaho.

July 3, 1946.

See, also 65 Idaho 645, 150 P.2d 137, 154 A.L.R. 295.

Frank Griffin, of Coeur d'Alene, and T. P. Wormward, of Kellogg, for appellant.

Robert E. Brown, of Kellogg, for respondent.

HOLDEN, Justice.

February 25, 1941, appellant, Charles Hancock, sustained an injury arising out of and in the course of his employment by the Bunker Hill and Sullivan Mining and Concentrating Company, at Kellogg, Idaho; he was thereafter treated therefor at the Wardner Hospital, operated by physicians respondents Staley and McCaffery, who had previously entered into a contract to furnish medical, hospital and surgical aid and attendance to the company's employees under the provisions of Section 43-1108, I.C.A.

February 17, 1942, appellant commenced this action against the physicians Staley and McCaffery, and Halliday and Lee, employees, charging the treatment given him was negligently and carelessly rendered thereby and by reason thereof making necessary the amputation of appellant's right leg at the knee joint. The complaint charged gross negligence both in diagnosis and treatment, and claimed damages in the sum of $30,000.

After the filing of the complaint, to wit, on or about the 14th day of June, 1942, appellant entered into a compensation agreement with said Bunker Hill and Sullivan Mining and Concentrating Company, under the terms of which appellant agreed to accept and said company agreed to pay appellant compensation for loss of time from the 26th day of February, 1941, to the 17th day of June, 1942, a total of 68 weeks, at the rate of $16 per week, or a total of $1,088. On or about the 17th day of June, 1942, said compensation agreement was approved by the Industrial Accident Board.

Respondents demurred to appellant's complaint on the grounds: (1) that it did not state facts sufficient to constitute a cause of action; (2) that the court had no jurisdiction of the subject of the action; and (3) that it was ambiguous, uncertain and unintelligible in certain particulars therein pointed out. The trial court sustained respondents' demurrer, without leave to amend. Thereafter judgment of dismissal was entered dismissing the action, from which appellant prosecuted an appeal to this court. June 3, 1943, the appeal was heard. November 4, 1943, the cause was reargued. December 7, 1943, the judgment of the trial court was reversed and the cause remanded "with directions to the trial court to overrule the demurrer and permit defendants to answer." Thereafter, a rehearing was granted and the cause reheard May 27, 1944. July 11, 1944, the opinion on rehearing, 65 Idaho 645, 150 P.2d 137, 154 A.L.R. 295, was handed down, in which this court adhered to its former and original decision.

August 12, 1944, respondents answered appellant's complaint, denying the material allegations and by way of a further answer and affirmative defense to the complaint, alleged in substance: that on the 25th day of February, 1941, appellant was in the employ of the Bunker Hill and Sullivan Mining and Concentrating Company, at Kellogg; that on that day he sustained an injury arising out of and in the course of his employment by said company; that both appellant and said company were subject to the provisions of the Workmen's Compensation Law; that appellant as such employee was entitled to receive compensation for such injuries; that on or about the 14th day of June, 1942, appellant entered into a compensation agreement with said company, under the terms of which he agreed to accept and the company agreed to pay compensation for loss of time from the 26th day of February, 1941

to the 17th day of June, 1942, a total of 68 weeks at the rate of $16 per week, or a total of $1,088; that appellant further agreed to accept and said company further agreed to pay for permanent partial disability, consisting of the loss of a leg at the knee, a total of ninety-nine per cent. of 150 weeks of weekly compensation, at the rate of $16 per week, making a total of $2,376, in addition to the compensation agreed to be paid for loss of time; that said agreement was subject to the approval of the Industrial Accident Board; that it was submitted to the Board for approval; that on or about the 17th day of June, 1942, the agreement was approved by said Board and that said employer became liable to pay appellant the sum of $3,464; that respondents were informed and believed and therefore alleged the fact to be that said company paid to appellant the said sum so agreed upon and so approved by the Industrial Accident Board; that appellant had been fully compensated and paid for loss of time and permanent partial disability pursuant to and under the Workmen's Compensation Law; that respondents were informed and believed and therefore alleged that in addition to the aforesaid sums paid directly to appellant by said company, said company had paid out for and on account of appellant the further sum of $4,394.25.

Respondents further alleged: "III. That by virtue of the matters and things in said affirmative defense alleged the plaintiff has elected his remedy; that he has been fully compensated for the loss of said limb and any and all medical and hospital expenses attendant thereon under the provisions of the Workmen's Compensation Law of the State of Idaho, and that such election on the part of said plaintiff is a full and complete bar to any action or cause of action that he had or may have had against said defendants herein, or either of them."

September 18, 1944, appellant moved to strike respondents' affirmative defense on the ground it was irrelevant and immaterial and did not constitute a defense to the action. November 13, 1944, appellant demurred to the affirmative defense on the ground it did not constitute a defense or answer to the complaint. November 27, 1944, the court denied appellant's motion to strike respondents' affirmative defense and overruled appellant's demurrer to such defense.

December 26, 1944, appellant filed a reply to respondents' affirmative defense. By such reply, appellant admitted, in substance: the payment of the sums of money alleged in respondents' affirmative answer; the making of the compensation agreement and approval thereof by the Board; the receipt of compensation from his employer for permanent partial disability, pursuant to and under the Workmen's Compensation Law; that his employer paid out for and on his account, the additional sum of $4,394.25, as pleaded in respondents' affirmative defense.

Appellant denied the allegations set forth and contained in paragraph III of respond-

ents' affirmative defense, above quoted, and moved that such paragraph be stricken on the ground it was irrelevant and immaterial. Appellant also denied all the material allegations set forth in said affirmative defense, excepting those so admitted by his reply.

By way of explaining the filing of a reply to respondents' affirmative defense, appellant says he "realizes that a reply by a plaintiff to an affirmative defense of a defendant is not an authorized practice in the State of Idaho, but by reason of the attitude taken by the trial judge at the motion of the appellant to strike the said affirmative defense, the appellant in order to avoid the expense of a trial, which because of the reasoning of the trial judge could not, under the circumstances, terminate, but in a nonsuit or directed verdict against the appellant, filed said reply admitting the receipt of certain sums from his employer."

April 26, 1945, respondents moved for judgment on the pleadings on the ground: "That the record in such (this) action on the face of it shows that the plaintiff (appellant) herein has admitted all material portions of the affirmative defense alleged by the defendants (respondents) in their answer and that by reason thereof there are no issues to be decided in said (this) action."

June 7, 1945, respondents' motion for judgment on the pleadings was granted, and on the same day judgment of dismissal was entered. The appeal to this court is from the judgment of dismissal.

The granting of respondents' motion for judgment on the pleadings presents the question, decisive of this appeal, as to whether making a compensation agreement whereby an employer agrees to and pays and an employee agrees to and accepts, some stated sum (here, payable weekly) in payment of an injury sustained by accident arising out of and in the course of his employment, including permanent partial disability, bars the recovery of damages for injuries sustained by reason and on account of the negligence of a third party, between whom and the employee the relationship of employer and employee does not exist.

Appellant contends that "Where an independent injury is inflicted upon an employee which does not arise out of or in the course of his employment, the employee may bring an independent action against a third person irrespective of whether said employee has accepted benefits under the Workmen's Compensation Act," citing Lebak v. Nelson, 62 Idaho, 96, 107 P.2d 1054, 1057, which appellant insists "is decisive of this case." In that case, an employee of the Idaho State Highway Department was fatally injured by a third party between whom and the third party the relationship of employee and employer did not exist. And where, as in the case at bar, there was a compensation agreement and the acceptance of compensation under our Work-

men's Compensation Law. We quote: "Appellants contend the acceptance of compensation by the Lebak children 'operated as an assignment of their entire cause of action to the State Insurance Fund, and divested them of any right to institute or prosecute this action.' In other words, it is contended respondents cannot accept compensation under our Workmen's Compensation Law and then prosecute an action against them (third parties) to recover such damages as a jury might award, subject to reimbursing the State Insurance Fund. * * *"

After reviewing numerous authorities, we continued:

"Due to varying language of Workmen's Compensation statutes there is much contrariety of judicial opinion * * * as to whether acceptance of compensation operates to bar the prosecution of an action by an injured employee, or his dependents, to recover damages against a third party. * * *

"Whether our legislature intended the acceptance of compensation should operate as a bar to the prosecution of an action for damages against a third party depends upon the construction of Sections 43-902 and 43-1004 (Workmen's Compensation Act), I.C.A., which, being in pari materia, must be considered and construed together.

"The legislature, by Section 43-902, supra, states the reasons which moved it to enact the Workmen's Compensation Law, and its purpose. In substance, they are: That 'the common law system governing the remedy of workmen against employers for injuries received in industrial and public work is inconsistent with modern industrial conditions'; 'the administration of the common law system in such cases has produced the result that little of the cost to the employer has reached the injured workman, and that little at large expense to the public'; 'the remedy of the workman has been uncertain, slow and inadequate'; 'injuries in such employments formerly occasional have become frequent and inevitable'; 'the welfare of the state depends upon its industries, and even more upon the welfare of its wageworkers'; 'the state of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy' in order that 'sure and certain relief for injured workmen and their families and dependents' be 'provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation'; and to accomplish that end 'all civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished.'

"What common law remedy only was thereby intended to be abolished? The statute answers: 'The remedy of workmen against *employers* for injuries received in industrial and public work' (italics ours). And why was the common law remedy of

the worker for personal injuries against his *employer* abolished? Again the statute answers: Because 'the remedy of the workman has been uncertain, slow and inadequate.' The provisions of the statute are expressly confined to those occupying the relationship of employee and employer. The relationship of employee and employer never existed between Lebak and appellants. Hence, the legislature could not have intended, and clearly did not intend, to protect appellants, strangers to the required relationship, from the prosecution of an action to recover damages for their actionable negligence.

"Section 43-1004, supra, provides:

" 'When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at this option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action.'

"It must be constantly kept in mind the common law action of an *employee against a third person* to recover damages for *personal injuries* sustained by reason of actionable negligence of such third party *was not abolished;* therefore, such cause of action would still belong to the injured workman, if he survives his injury, and to his widow (if any) and dependents (if any) if he does not. Under the statute, when an employee is injured under circumstances which make his injury compensable and at the same time creates 'in some other person than the employer a legal liability to pay damages,' and he claims compensation, then his employer, if he has either paid the compensation or become liable to pay it, is subrogated to the right of the injured employee to recover whatever he (the employer) has paid or become liable to pay.

"It will be observed, however, the statute does not require an employer to prosecute. It simply gives him the privilege of prosecuting such action. He may exercise it or not, as he chooses. If the privilege is exercised, subrogation extends only to the precise amount he has paid or become liable to pay, which amount is the limit of the employer's actual interest in the litigation— the excess recovered, less expenses and costs, must be paid to the injured employee or his dependents. It becomes clear, then, the legislature merely intended to give the

employer the equity status of a subrogee, not to abolish the common law action of an employee against a third party—that action must be preserved to enable the employer to prosecute, in that the employer has not suffered personal injuries because of the negligence of the third party (if he had he would not need to be subrogated); therefore, if and when the employer prosecutes, he must necessarily prosecute the employee's cause of action, in which employee and employer have a joint, contingent interest. The employee is a proper, though not a necessary, party to such an action.

"The Workmen's Compensation Law was not intended to fully compensate a workman for injuries sustained but to provide quick, 'sure and certain relief for injured workmen and their families and dependents' regardless of 'questions of fault.' The legislature recognized instances would arise in which the compensation paid by the employer would not fully cover the actual damages suffered by the injured workman, *by requiring the employer to pay the employee any excess recovered* less his 'costs and expenses.' But suppose the employer does not choose to exercise the privilege given him by the statute, either because he doesn't care to or by reason of collusion with the wrongdoer. Could either failure of the employer to exercise his privilege, or connivance with the wrongdoer, operate to bar the injured workman from prosecuting his own cause of action to recover damages for his own injuries? Such a construction of the statute would work a gross injustice to the injured workman, and we cannot attribute such an intention to the legislature."

On petition for rehearing this court said:

"Since respondent's contention raises not only the question of procedure but an issue as to the substantive law under section 43-1004, I.C.A., we deem it proper to make some further observations on the specific issue raised. The statute says that:

" 'When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action.'

"It must be remembered that the Workmen's Compensation Law is a remedial and special law providing compensation for in-

jured employees, without reference to any question of negligence, either on the part of the employer or employee. Consequently, an award made to a workman under this act bears no relation whatever to any negligence on the part of the employer, a stranger or anyone else. When an award is made under this act in favor of an employee, and liability attaches in favor of the employer or insurance carrier, or both, the statute at once confers upon such employer or insurance carrier, or both, a right of action against any third party who may have caused or wrongfully contributed to the injury of the employee.

"The statute does not attempt to take away from the workman his right of action against a third party for any tort that may be committed against him by such person or persons. An action prosecuted against a third party or tort feasor must necessarily rest upon the law of negligence and be tried to a jury the same as any other action for negligence. To introduce the record and award by the Industrial Accident Board, awarding compensation under the Workmen's Compensation Act, as evidence against a third party, might become very prejudicial and strongly tend to lead a jury to the conclusion that an injury and wrong had been committed, and that the defendant is liable therefor, or, on the contrary, it might prejudice the plaintiffs' case by the thought that the employee had already been compensated.

"On the other hand, the jury in such trial have nothing to do with the question as to whether or not the employee has sought and recovered compensation under the compensation act. It is true that it is necessary for an employer or insurance carrier to allege such fact in order to state a cause of action under the subrogation statute. But that allegation is necessary only for the purpose of showing that he or it is a proper party plaintiff in the action. If the allegation is admitted, there is no occasion for any proof to the court. If the allegation is denied, then that is a proper matter to be determined by the court before entering upon the trial to the jury. It is a question of law to be determined by the court, as to whether subrogation arises and not a question for the consideration of the jury.

"In such cases as this, it will be proper for the court to inform the jury by appropriate instruction that the employer and insurance carrier appear as, and are, proper parties plaintiff because of the fact that they have been legally subrogated to the rights of the employee or his beneficiaries, because of their liability to pay benefits under the Workmen's Compensation Act; and that the jury will have nothing to do with the question as to any sum or amount such plaintiffs may be liable for under the compensation act. They should be further advised that liability, under the compensation act, is not dependent on negligence, whereas, the present action is for negli-

gence and that the duty of the jury is simply to determine whether or not the defendant was guilty or innocent of negligence; and if they determine that he was guilty of negligence, then fix the amount of damages they think proper to award under the instructions. If after the trial it appears that a verdict has been obtained for more than plaintiff has paid or become liable for, it will then become the duty of the court to prorate the judgment under the statute between the employer, insurance carrier and employee."

Respondents and amicus curiæ contend that "Under Section 43-1004, appellant (plaintiff) had a choice of remedies 'he could at his option either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages.' (language of statute)." And, further, that "appellant, in making application for compensation under the Workmen's Compensation Act and accepting the payments made" "elected to take under the act and he is now barred from further prosecution of this suit for damages complained of in the complaint," citing Hancock v. Halliday et al., 65 Idaho 645, 150 P.2d 137, 146, 154 A.L.R. 295.

On the first and former appeal of the case at bar, this court, speaking through former Justice Dunlap, said: "This section (43-1004) contemplates the existence at the same time, of two remedies either of which the employee may pursue. He may invoke the statutory remedy against his employer, or the common-law remedy against the third person, who, by his negligence caused the injury."

After discussing Smith v. Coleman et al., 46 Cal.App.2d 507, 116 P.2d 133, 136; Smith v. Golden State Hospital, 111 Cal. App. 667, 296 P. 127, 129 and Lebak v. Nelson, supra, this court, in the original opinion, said this: "Under the common law, every physician and surgeon is answerable for want of the requisite knowledge or skill or the omission to use reasonable care or diligence or the failure to exercise his best judgment. 41 Am.Jur. page 198, Section 79. We cannot hold that the Legislature, by the passage of the Compensation Act, intended it to be so construed that the physician should be absolved from his responsibility to his employee patient, in compensation cases, on the theory that the patient's only remedy is under the act. Such construction would be a denial of a common-law right, clearly not intended by the act."

And, discussing Section 43-1004, I.C.A., this court also said: "Respondents (the same persons who are respondents on this second appeal) are third persons as contemplated by Section 43-1004, I.C.A.; to hold otherwise would be contrary to the plain wording of that section, and to this court's fixed policy of liberal construction of the act in favor of the employee (Moon v. Ervin et al., 64 Idaho 464, 133 P.2d 933; Stover v. Washington County, 63 Idaho 145, 118 P.2d 63; Olson v. Union

Pacific R. Co., 62 Idaho 423, 112 P.2d 1005), and deprive appellant of property without due process of law, in violation of Article 1, Section 13 of our Idaho Constitution."

On rehearing, this court, again speaking through former Justice Dunlap, after an exhaustive discussion of objections made to the original opinion and pertinent sections of the workmen's compensation statute, concluded:

"It seems to us that under our statute, the jurisdiction of the Industrial Accident Board is limited to cases involving questions between the employee and employer and that such board is without jurisdiction in a case like this where the employee seeks, through the courts, to enforce a common law right against a third person.

"We adhere to our former decision."

Justice Givens concurred in the opinion on rehearing. Justice Budge concurred in the conclusion reached. Justice Ailshie dissented from both. The author of this opinion concurred in the dissent of Justice Ailshie to the original opinion, but concurred specially in the opinion on rehearing, stating: "A very close question is presented in the case at bar. Did the legislature intend to grant an injured workman an option to either prosecute an action at law against a physician for alleged failure to use reasonable and ordinary care in treating injuries sustained by him by accident arising out of and in the course of his employment, or prosecute a claim for compensation before the Industrial Accident Board? Entertaining grave doubts as to whether this question had, or had not, been correctly answered, this court ordered a rehearing. At the rehearing every angle of the question was very forcefully, ably and exhaustively discussed by counsel for the respective parties, as well as by amicus curiæ. After a careful examination of the authorities cited by the parties and by amicus curiæ, and re-examination and study of the pertinent provisions of the statute, I have reached the conclusion that justice will best be served by holding the legislature intended to give an injured workman an option to prosecute a negligent physician in an action at law or claim compensation before the board. The legislature will shortly convene and will, therefore, have an opportunity to further legislate on the subject if it chooses to do so. For the above stated reasons, I concur."

Respondents insist that by making application for compensation under the statute and accepting payments, appellant elected to take under the statute and, therefore, is barred from further prosecuting this action against them, citing McDonough v. National Hospital Association, 134 Or. 451, 294 P. 351, 353; Williams v. Dale et al., 139 Or. 105, 8 P.2d 578, 82 A.L.R. 922, citing and approving McDonough v. National Hospital Association, supra, and Anderson v. Allison, 12 Wash.2d 487, 122 P.2d 484, 139 A.L.R. 1003, so holding.

The pertinent parts of the Oregon statute provide: " * * * the injured work-

man, * * * shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit, and if he elects to take under this act the cause of action against such third person shall be assigned to the state industrial accident commission for the benefit of the accident fund. If the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this act for such case." 49-1814, Oregon Code 1930.

In Anderson v. Allison, supra, the Supreme Court of Washington interpreted the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 933. The pertinent parts of that statute provide:

" 'If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

" 'Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third

person. As amended June 25, 1938, c. 685, § 12, 52 Stat. 1168.' " 33 U.S.C.A. § 933.

Our statute, Section 43-1004, I.C.A., as above pointed out, provides: [43-1004.] "When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

But appellant insists McDonough v. National Hospital Ass'n and Williams v. Dale et al. are not in point here, pointing out that the Oregon statute requires an injured workman to elect in advance of bringing an action whether he will take under the act or seek a remedy against a third party, and that if the injured workman elects to take under the statute then that his cause of action against a third

person must be assigned to the State Industrial Accident Commission for the benefit of the Accident Fund and that our statute, Section 43-1004, supra, does not require that an injured workman shall elect in advance of bringing his action against a third party and, further, that our statute does not require an injured workman to assign his cause of action to the Industrial Accident Board for the benefit of any fund.

Appellant also insists Anderson v. Allison, supra, is not in point for the reason that under the Federal Longshoremen's and Harbor Workers' Compensation Act, supra, an injured workman must give notice to the deputy commissioner whether he elects to receive compensation under that statute or to recover damages against a third person and, further, that such statute expressly provides that acceptance of compensation under an award in a compensation order shall operate as an assignment to the *employer* (not to the wrongdoer) of the right of the injured workman to recover damages against the wrongdoer, and that these provisions cannot be found in our statute.

Appellant further contends his claim for compensation under the statute and his cause of action for damages against respondents are not, in fact, inconsistent— that the injury for which he sought and obtained compensation arose out of and in the course of his employment with the Bunker Hill and Sullivan Mining and Concentrating Company, with which injury respondents were in no way connected and for which they were in no way liable, and that this action is brought to recover damages for another and wholly different injury, for which his employer was and is in no way liable. Hence, the facts upon which he bottoms his claim for damages against respondents do not constitute a denial of the facts upon which he based his claim for compensation under the statute. In other words, that his claim for damages and his claim for compensation do not arise out of the same facts, and that to apply the doctrine of election of remedies to a party, such party must actually have two remedies, and, further, that the remedies must arise out of the same facts and must actually be inconsistent and repugnant, citing in support of his contention, Largilliere Co., Bankers, v. Kunz, 41 Idaho 767, 772, 244 P. 404, 405. Attention is directed to headnote numbered 1, apparently reflecting the holding of the court in that case: "Election of remedies is the right of a party in an action to choose one of two or more co-existing remedial rights, *where such rights arise out of the same facts,* but the term is generally limited to a choice by a party between inconsistent remedial rights; the assertion of one thing necessarily repugnant to or a repudiation of the other." (Emphasis added). See, also, 20 C.J., p. 9, § 8; 20 C.J., p. 18; 28 C.J.S., Election of Remedies, §§ 4, 8.

Attention is also directed to headnote numbered 3 of the Largilliere case: "An

election of remedies is any decisive act of a party, *with knowledge of his rights and of the facts,* that indicates an intent to pursue one remedy rather than the other." (Emphasis added.)

Appellant insists he commenced this action for the purpose of having the court determine what his rights in the premises are. That there ·was great doubt as to whether he could .maintain this action (which seems to have rather convincing support in the opinions on the original hearing and rehearing on the first and former appeal of this case, hereinbefore quoted), and, therefore, did not have· full knowledge of his rights, and that in advance of knowing what his rights in the premises were, he could not make an election, and for these reasons the doctrine of election of remedies cannot be applied to him.

Taking up next the contention of respondents that: "By his acceptance of full compensation under the Workmen's Compensation Act any cause of action he may have had against the respondent doctors for aggravation of the original injury is now vested in the employer or its insurance carrier", *citing in support of the contention* Section 43-1004, I.C.A.

In answer to that contention, appellant directs attention to Lebak v. Nelson, at pages 112, 113, of 62 Idaho, at page 1061 of 107 P.2d construing Section 43-1004, supra, and, in particular, to the following:

"It must be constantly kept in mind the common law action of an employee against a third person to recover damages for personal injuries sustained by reason of actionable negligence of such third party was not abolished; therefore, such cause of action would still belong to the injured workman, if he survives his injury, and to his widow (if any) and dependents (if any) if he does not. * * *

· "It will be observed, however, the statute (Sec. 43-1004, supra) does not require an employer to prosecute. It simply gives him the privilege of prosecuting such action. He may exercise it or not, as he chooses. * * *

"But suppose the employer does not choose to exercise the privilege given him by the statute, either because he doesn't care to or by reason of collusion with the wrongdoer. Could either failure of the employer to exercise his privilege or connivance with the wrongdoer, operate to bar the injured workman from prosecuting his own cause of action to recover damages for his own injuries? Such a construction of the statute would work a gross injustice to the injured workman, and we cannot attribute such an intention to the legislature."

 We have given the fullest consideration to the various contentions of the respective parties to this action (as the above quite fully discloses) and carefully examined the cases cited in support thereof. In particular, we have examined the original

opinion and the opinion on rehearing on the first appeal of this case. It appears therefrom to us that a majority of this court very clearly held the district court has full and complete jurisdiction to hear and determine the subject matter in controversy between the parties to this action. Furthermore, at the bar it was conceded by amicus curiæ and respondents that appellant had the option to claim either under the statute or prosecute this action at law, but it was insisted appellant had received compensation from his employer for both the injury sustained by accident and the injury suffered by the negligence of respondents, and, therefore, appellant was barred from prosecuting this action against them and, further, that to permit a recovery would constitute "double payment." Respondents thereby assume the statute (Sec. 43-1004, I.C.A.) gives them the equity status of a subrogee, which it does not. The statute gives that status to the employer *only*. Hence, respondents cannot claim the benefit of any payments made by employer, Bunker Hill and Sullivan Mining and Concentrating Company, to its employee, appellant, Hancock.

Judgment reversed and cause remanded with directions to the trial court to proceed in accordance with the views herein expressed. Costs awarded to appellant.

BUDGE and MILLER, JJ., concur.

GIVENS, J., deeming himself disqualified, did not sit or participate in the decision in this cause.

SUTTON, District Judge.

I concur in the reversal of the judgment. I do not concur in all of the reasoning. Section 5-301, I.C.A., requires that every action be prosecuted in the name of the real party in interest. At the time of the commencement of this action the record does not show the plaintiff had asked or received any compensation under the provisions of the Workmen's Compensation Act. He therefore was clearly the real party in interest when the action was commenced. It was not until after the 14th day of June, 1942, some four months after the commencement of the action, that plaintiff asked and received benefits under the Workmen's Compensation Act; and this did not appear in the record until defendants filed their answer on August 12, 1944. Then, for the first time, the question of the purpose and effect of Section 43-1004, I.C.A., appeared in this action.

It is my opinion the reasoning and conclusion of the Supreme Court of Utah in the case of Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98, with respect to the provisions and effect of Section 42—1—58 of the Utah Code is applicable to Section 43-1004, I.C.A., and should be adopted by this Court. It is evident, I think, that a complete determination of this action cannot be had without the presence of plaintiff's employer or its insurance carrier, if any, and therefore the judgment should be reversed with directions to the trial court to enter an order bringing in such additional parties.

AILSHIE, Chief Justice.

I dissent from the views expressed in the majority opinion and adhere to the views stated by me in Hancock v. Halliday, 65 Idaho 645, 150 P.2d 137, 147, 149, 152, 153, 154 A.L.R. 295.

It seems to me that the majority of the court fail to answer the question: Did the contract doctor become a party to the tort as a *stranger* to the contract between the employer and employee, or as a *result* of that contract? Certainly the physician would never have been in the case had it not been for the existence of the contract between him and the employer, to which the employer was a party. See, also, the views expressed by me in denying petition for rehearing in Lebak v. Nelson, 62 Idaho 118–120, 107 P.2d 1064, 1065.